DAVID COVER

*v.*

THE TOWN OF BAYTOWN, *et al.*

Towns or Town Supervisors are not authorized to appropriate money, issue bonds or other evidence of indebtedness, or levy a tax for the purpose of indemnifying individuals, who have paid or contributed toward the payment of bounties to volunteers.

This action was brought by the plaintiff, a resident and tax payer of the town of Baytown, Washington County, on behalf of himself and other residents of the said town, praying

for an injunction restraining the collection of the interest on certain bonds purporting to have been issued by the Supervisors of said town, and the farther issue of such bonds, &c. Issue was joined in the action, and the same was submitted to the District Court of Washington County upon a stipulation agreeing upon the facts in the case, and the Court dismissed the action and ordered judgment for the defendants for costs, &c. Judgment was perfected in the Court below, and the plaintiff appeals to this Court.

A sufficient statement of the cause of action, and the points presented, appear in the opinion of the Court.

H. R. Murdock and W. M. McCluer, for Appellant.

I.—Towns are corporations created by statute, and of limited authority, and can exercise neither in their collective capacity when assembled in town meeting, nor by their officers, any powers not specially conferred upon them by law. 2 *Kent's Com.*, 298; *Halstead vs. Mayor of New York*, 5 *Barb. S. C. Rep.*, 218; *same case*, 4 *Coms.*, 430, *and authorities there cited.*

II.—The statutes of our State (*Sess. laws*, 1860, *page* 115, *et seq.*,) define the powers of voters in town meeting assembled, and the objects for which they may raise money; but no authority is given them to issue, or authorize the issuance of bonds, or other evidences of indebtedness, or to levy, or cause to be levied, a tax to pay them. The powers of Supervisors of towns, both in their capacity as Supervisors, and when acting as a board of auditors, are specified in the same act, (*Sess. laws*, 1860, *page* 121, *et seq.*,) and no authority is given them to issue bonds, or audit accounts or claims against the town, for other matters than those specifically authorized by law. *Art. XI Cons. of Minnesota*, *secs. 5 and 6*; *Hodges vs. City of Buffalo*, 2 *Denio*, 110.

III.—*Section* 1 *of the extra sess. law of* 1862, (*page* 48, *ex. sess. laws*, 1862,) gives no such powers to towns ; but if it is of any force whatever, it only goes so far as to legalize acts before then done by towns and town officers, without authority of law. Section 2 of that act does not specifically give any authority to make appropriations to pay bounties, &c., and the powers of corporations cannot be extended beyond the "letter and spirit of the act creating them." *Beatty vs. Knowles*, 4 *Peters*, 152. And if such power can be *inferred* from section 2 of that act, (*ex. sess. laws*, 1862, *page* 49,) the same section provides how money shall be raised for the payment of bounties, &c., and no authority is given to issue bonds, or other evidences of indebtedness.

IV.—Municipal corporations, as well as other corporations, must exercise their authority in the manner prescribed by law. *Gilbert vs. Columbia Turnpike Co.*, 3 *Johns. cases*, 107; *Sharp vs. Spier*, 4 *Hill*, 76 ; *School Dist. No. 7 vs. Thompson*, 8 *Minn.*, 280, *and authorities there cited.*

V.—In this case, there having been no appropriation made by the town or town authorities for bounties ; there being no law existing under which the bonds of the town of Baytown could be issued ; and the question of defect of parties not being raised in the pleadings, or on the trial, the Court below erred in dismissing the action.

CORNMAN & STICKNEY, for Respondents.

I.—The citizens at town meetings, and the Supervisors of towns, under the "act" of the Legislature passed at the extra session of 1862, were authorized to appropriate money to pay bounties to soldiers and to issue bonds, orders or other evidence of indebtedness therefor, and were empowered to levy a tax to cover such appropriations. *Sess. laws of extra sess.*, 1862, *pp.* 48, 49.

II.—In construing a statute the great object is to ascertain and interpret so as to carry out the intention of the law given; and when the words of the law are not explicit, that intention is to be gathered from the occasion and necessity of the law, these being the causes which moved the Legislature to enact it. *Minn. and Pacific R.R. vs. H. H. Sibley*, 2 *Minn. R.*, 20, *and the cases therein cited; Taylor v. Taylor*, 10 *ib.*, 107; *Purdy vs. The People*, 4 *Hill*, 402, *and authorities therein cited.* And the title of an "act" may be resorted to, to aid in its interpretation. *State v. Stephenson*, 2d *Bailey*, 334; *Bengett vs. Bengett*, 1 *Harn.*, 469.

III.—The "act" passed by the Legislature at the session of 1864, (*see sess. laws*, 1864, *pp.* 37, 38,) and the "act" passed in 1865, (*see sess. laws*, 1865, *pp.* 111, 112,) fully recognize the right and authority of towns and town Supervisors to appropriate money and issue bonds for payment of soldiers' bounties, and to levy taxes to cover the same. And the general system of legislation upon the subject matter may be taken into view in order to aid the construction of one statute relating to the same subject; and it is proper to consider other statutes in *pari materia* whether they be repealed or unrepealed. *Church vs. Crocker*, 3 *Mass.* 17, 21; *Thayer vs. Dudley*, *ib.*, 296; *Holland vs. Makepiece*, 8 *ib.*, 418, 423; *Holbrook vs. Holbrook*, 1 *Pick.*, 248, 254; *Mendon vs. Worcester*, 10 *ib.*, 235; *State vs. Baldwin*, 2 *Bailey*, 541; *State vs. Fields*, *ib.*, 554; *Colman vs. Davidson Academy*, *Cooke*, 258.

IV.—The money having been advanced to, and paid out by the supervisors for the benefit of the town upon the express agreement and understanding that the same should be re-paid by the town, and that bonds should be issued therefor by the town, was in effect an appropriation of the amount so paid out as by the act contemplated, and became a charge against the town from the time the agreement was

entered into and acted upon, the same having been entered into and carried out by a majority of the Supervisors of the town was a substantial compliance with the law, and effectually bound the town for the amount advanced; no particular mode or form of action by the Town Supervisors in regard thereto was essential to its validity, and the record of such action had, could be made up and entered in the town records at any reasonable time thereafter. *Sess. laws,* 1860, *pp.* 121, 122, *and Sess. laws of extra session,* 1862, *p.* 48, 49.

V.—The town, by the vote cast at the town meeting, held on the 24th day of June, 1865, fully and completely adopted and ratified the action of the Supervisors, and the town thereby assumed the payment of the amount advanced to the Supervisors and by them paid out for bounties, as effectually as if the said meeting had been held and the vote taken before the money was so paid out, and thereby in effect made an appropriation, such as was contemplated and authorized by the law. *Extra sess. laws,* 1862, *p.* 48, 49.

VI.—The claim or right of the parties against the town for re-payment of the amount so advanced by them with interest thereon, is not affected by, nor dependant upon the issuing of the bonds, and the right to levy the tax to repay the amount advanced, with interest, remains the same, whether the bonds are valid against the town or not.

*By the Court*—WILSON, CH. J. Certain persons, inhabitants of the town of Baytown, in February, 1865, raised by voluntary subscription, the sum of sixteen hundred dollars, to be used in payment of bounties to volunteers entering the United States service, to the credit of said town. This sum was to be paid over only on the condition that the amount of three thousand dollars should be subscribed and paid in; which sum it was estimated would be necessary to raise the number

of recruits required to fill the quota of the town. The remaining sum of fourteen hundred dollars not having been subscribed, it was agreed by, and between two of the town supervisors, that town bonds should be issued by them for all moneys then raised, or to be raised to pay bounties as aforesaid, and thereupon and in pursuance of said understanding, the balance of said sum of three thousand dollars was raised, and the whole amount—including the sum of $1600, first subscribed—paid out. On the 15th day of June, 1865, at a meeting of a board of supervisors of said town, a call was issued for a special town meeting to be held on the 24th of June, 1865, "to vote on the question of the town assuming the payment of the money advanced to pay bounties to volunteers, * * and to authorize the supervisors to issue bonds for the payment thereof;" at which special meeting fifty-five votes were cast, thirty-four for, and twenty-one against issuing such bonds, and assuming the payment of said money. Part of said bonds have been issued, and this action is brought to restrain the issue of the remainder, and the levy or collection of a tax to pay either principal or interest of any part of said sum.

The injunction prayed for should be granted. Towns have only such powers as are conferred expressly, or by fair implication, and the town of Baytown therefore, has no right to raise or appropriate money, or issue bonds in this case, unless such power is given by some statute. It is claimed that *sec.* 2, *chap.* 8, *Laws*, 1862, *(extra session) page* 49, confers such power. That statute provides that the authorities of any city or town that may make appropriations for bounties to soldiers, are empowered to levy a tax for a sum sufficient to cover the appropriation. To bring this case within the purview of that act, it must be held, that these bonds are about to be issued, and this tax raised to pay a sum

heretofore appropriated by the town for bounties to soldiers. But there is no pretence that this is the case. The two town supervisors who promised that bonds should be issued to the several persons advancing money for bounties, did not pretend or attempt to make an appropriation or issue bonds for such sums. As town officers they had no authority to make such promise, and therefore they created no liability on the part of the town. This case therefore, stands as if no such promise or understanding had ever been made or had, and the town is about to issue these bonds, and assume this indebtedness, not for the purpose of paying bounties to volunteers, or covering appropriation made by the town for that purpose, but to indemnify private individuals who have paid such bounties.

Whether or not it would be just that the town should, under the circumstances, be permitted to make this appropriation, it is not for us to determine. The sole question for us is, whether the law authorizes such expenditure, and we have no hesitancy in arriving at the conclusion that the question must be answered in the negative. The fact that the statute does not expressly, or by any fair implication, authorize the payment of such claims, is conclusive against the power of the town to assume or pay them, and even if it is admitted that the failure of the Legislature to provide for such cases is a *casus omissus*, yet it cannot be supplied by the court.

The respondent's counsel refers to the laws passed in 1864 ; *Laws* 1864, *page* 37—8 ; and 1865—*Laws* 1865, *page* 111, 112—on this subject, as sustaining his view. These laws are very indefinite ; but yet we think it clear that they do not authorize this appropriation. They declare valid the action of towns or town supervisors in making appropriations to pay bounties to soldiers, or to support the families of soldiers, and in raising by tax a sum sufficient to cover such appropriations,

Cover v. The Town of Baytown et al.

or to pay bonds issued by any town for such bounties; but there is no authority given by them, or any other statute of our State, to towns or town officers, to indemnify private individuals who may have paid or contributed toward the payment of such bounties.   This is the only question presented to the court by the counsel in this case, but the court below in its decision, suggested that there was a defect of parties defendants.   Our statute provides that when such objection is not taken by demurrer or answer, the defendant is deemed to have waived it.   Where there is clearly a defect of *necessary* parties, it is perhaps worthy of consideration whether it is not allowable for the court to suggest such defect, and continue the cause until the necessary parties are added: but when this defect first becomes apparent, or is suggested at the hearing, courts will not on that account absolutely dismiss the complaint.   *See Daniel's Ch. Prac.*, 3*d Am. ed.*, 292—5, *and notes and cases cited in notes.*

The judgment appealed from is reversed, and cause remanded.