MITCHELL v. PETERS *et al.*

1. Notice: SUBSEQUENT PURCHASER. A purchaser, who takes an estate (though for a valuable consideration) after notice of a prior equitable right, makes himself a *mala fide* purchaser, and will not be enabled, by getting in the legal title, to defeat such prior equitable interest.

2. Parties: LIS PENDENS. It is clearly the better practice, in equitable actions, affecting the title to real estate, to make all persons, who are known to claim an interest therein, parties thereto; but in the absence of notice to a party or his attorney, it is questionable if it is necessary, in order to create a *lis pendens*, to make any other persons parties than those whose interest in the subject is shown in some manner by the record, or by possession of the subject matter.

*Appeal from Jones District Court.*

THURSDAY, DECEMBER 22.

ACTION upon a covenant of seizin in a deed of conveyance. The cause was tried by the court, without a jury, and the facts found, in substance, as follows: On the 21st day of October, 1858, a special execution upon a judgment of foreclosure of a deed of trust, issued from the clerk's office of the District Court of Jones county, in favor of Reed Bros. & Co., and against M. B. Landis, for the sale of the S. ½ of the N. W. ¼, and the N. ½ of the S. W. ¼ of sec. 17, also, the S. E. ¼ of the S. E. ¼ of sec. 18, and the N. W. fr. ¼ of sec. 30, all in T. 85, R. 4, or so much thereof as should be sufficient to satisfy the sum of $502.67, with interest, and $6 costs. On the 26th day of November, 1858, the sheriff sold all of said lands, in gross, to James Helmer, for the sum of $760.59, and executed a deed therefor, which was recorded. On the 13th day of May, 1859, Landis filed his motion against Reed Bros. & Co., only to set aside the sale, which was done at that May term, upon condition he should pay Helmer the sum bid. Afterwards, and on the 28th day of July, 1859, Landis filed his petition in equity, in said court, against Helmer,

and Noble (the sheriff), asking that the sheriff's sale and deed be set aside and title quieted to him, and there was a decree accordingly, June 18th, 1860. On the 1st day of January, 1859, Helmer made a written contract of sale of all said land to R. C. Peters, for $2,000; seven hundred of which was paid down, and the balance was to be paid at stated times thereafter, and when so paid, Helmer was to make a quit-claim deed therefor. On the 13th day of February, 1860, Peters having paid the balance, a quit-claim deed, at his request, was made by Helmer to his wife, Nettie Peters, and on that day possession was taken by Peters, with the acquiescence of Helmer. Peters and wife sold part of the land to the plaintiff, for the consideration of four hundred dollars, which, having been paid, a deed was made to plaintiff therefor, containing the covenant which is the basis of this action. It is also found as a fact, that Landis' attorney had notice that Peters claimed an interest in the land, when he filed the petition to cancel the sheriff's deed. Upon this finding the court held, that the defendants were not seized of the premises deeded to plaintiff; and that the covenant sued on was broken, and rendered judgment for the plaintiff for the consideration money and interest and costs. The defendants appeal.

*William G. Hammond* for the appellants.

*I. M. Preston & Son* and *J. L. Shehan* for the appellee.

COLE, J. — I. The only point made in this case by the appellants' counsel, is, that since it appears that Peters

1. NOTICE: subsequent purchaser.

purchased the land from Helmer, and paid seven hundred dollars on his contract of purchase, before the commencement of the suit in equity by Landis against Helmer and Noble, to cancel the sale and redeem, that the subsequent commencement of the suit, to which Peters was not a party, did not create a *lis pendens* as to

Peters, so as to affect his title acquired upon the completion of the contract, by the payment of the balance of the purchase-money pending the litigation. There is a conflict of authorities upon this question, and there has been no decision upon it by this court. The counsel for appellant has, with much evident industry and ability, collected, classified and discussed the authorities sustaining his view, the affirmative of the question. We do not stop to review the authorities, nor to now determine the question, since it does not appear necessary to the correct decision of this case. A *lis pendens* only operates as constructive notice to all persons of the title or claim of the parties to the subject of litigation. If actual notice to a purchaser is otherwise given, it is immaterial whether or not there is a *lis pendens* as to him. In this case, contract of purchase between Peters and Helmer is embodied in the transcript by a bill of exceptions, and from it we copy : "Provided, however, that if any suit shall be commenced for the redemption of said lands from sale under a decree of foreclosure of mortgage made Nov. 26th, 1858, and said Peters shall defend said suit, and shall be defeated therein, then said consideration money, notes, buggy and horse shall be returned to said Peters, and said Peters shall not be required to deliver said notes, mortgages, &c., until said suit shall be determined, nor, &c." From this it appears that Peters purchased the real estate with notice of Landis' right to redeem, and upon the express condition that in case that right was asserted, he could suspend performance of his contract, or if performed, his right to have the consideration refunded was expressly stipulated for. Peters, therefore, comes within the rule laid down by Lord HARDWICKE, in *Le Neve* v. *Le Neve*, 1 Vesey, 64, that "the person who·purchases an estate (although for valuable consideration), after notice of a prior equitable right, makes himself a *mala fide* purchaser, and will not be enabled, by getting

in the legal estate, to defeat such prior equitable interest, &c."

II. In the finding of facts by the court, it appears that 2. PARTIES: the attorney of Landis had notice, before the lis pendens. bringing of the suit in equity against Helmer and Noble to cancel the sheriff's deed and redeem, that Peters claimed some interest in the land. Such being the case, it was clearly the better practice, if not his bounden duty, in the absence of notice to Peters of Landis' equity, to make Peters a party to the suit. It often happens that the rights of litigants are greatly prejudiced by reason of the failure to make necessary or proper parties, a point which too often escapes the attention of the profession. But it may well be questioned whether, in the absence of notice to the party or his attorney, it is necessary, in order to create a *lis pendens*, to make any other persons parties than those whose interest in the subject is shown in some manner by the records, or by possession of the subject matter of the controversy ; and it does not appear in this case that Peters had any title of record, and it does affirmatively appear that he was not in possession of the property when the suit to redeem was commenced.

Affirmed.