[No. 2,353.]

## CHARLES B. DAVENPORT *v.* J. W. TURPIN ET AL.

SALE ON FORECLOSURE OF MORTGAGE.—If the mortgagor conveys the legal title to another person, whose deed is recorded before the decree of foreclosure is entered, and this grantee is not made a party to the suit foreclosing the mortgage, the purchaser at the Sheriff's sale does not acquire the legal title.

MORTGAGEE OF LAND IN POSSESSION.—If the owner of a mortgage on an undivided interest in land is also the owner of another undivided interest in the same tract of land, his entry into possession of the whole tract does not constitute him a mortgagee in possession.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Judgment was rendered for the defendant; plaintiff moved for a new trial, the Court overruled the motion, and plaintiff appealed from the judgment and the order denying the motion for a new trial.

The other facts are stated in the opinion.

*P. Dunlap*, and *Beatty & Denson*, for Appellant.

Even if the foreclosure and sale were valid as to John S. Fowler, it did not affect the legal title of the one undivided half of the property, which was then vested in McCracken:

First—Because McCracken had his title before suit brought.

Second—That title was duly recorded before the records of the District Court showed any action pending in the name of *Talbot H. Green* v. *John S. Fowler.*

(See *Carpentier* v. *Williamson,* 25 Cal. 154, and the California cases therein cited; 23 Barb. 90; 6 Abb. 120; 14 How. Pr. 32; *Bloodworth* v. *Lake,* 33 Cal. 255; *Skinner* v. *Buck,* 29 Cal. 253; *Dutton* v. *Warschauer,* 21 Cal. 609; 5 Cal. 334.)

It is not shown that McCracken was on the premises, or knew anything about Green's taking possession as the mortgagee.

*A. P. Catlin,* for Respondents.

The mortgagee, in possession by consent of the mortgagor, cannot be evicted until the debt is paid. ( *Waring* v. *Smyth,* 2 Barb. Ch. 135; *Frische* v. *Kramer,* 16 Ohio, 125; *Watson* v. *Spence,* 20 Wend. 260; *Dutton* v. *Warschauer,* 21 Cal. 626.)

By the Court, WALLACE, J.:

This is an action of ejectment in which Davenport, as the grantee of one McCracken, seeks to recover of Turpin and others, who are tenants of one Howard, an undivided half of that lot in Sacramento which was owned in 1849 by one John S. Fowler and Samuel Brannan, and upon which Fowler then kept the City Hotel.

That Howard, the landlord of the defendants, is the owner of one undivided half of the premises is conceded. The controversy here concerns the other undivided half.

It appears that in September, 1849, Brannan leased his undivided half to Fowler, to hold until October 1, 1850, at a monthly rent of upward of two thousand dollars. To secure the payment of this rent Fowler gave Brannan a mortgage

upon the other undivided half of the premises. In August, 1850, Brannan, having previously sold to Green his undivided half, assigned to him the lease thereon and the rents to grow due, and also the mortgage upon the Fowler half, made to secure the payment of those rents. On the 10th of September, 1850, Fowler conveyed his undivided half of the premises to one McCracken, under whom the plaintiff claims title. This conveyance was recorded on the fifth of the following December.

In October, 1850, an action was instituted on behalf of Green (but in the name of Brannan, and for the use of Green) to foreclose this mortgage, because of the nonpayment of rent due by Fowler; but no notice of the pendency of the action was filed. In January, 1851, the complaint in the action of foreclosure was, by leave of Court, amended by striking out the name of Brannan as a plaintiff, leaving the action to proceed in the name of Green as plaintiff. Fowler was the sole defendant, and a decree having passed against him in the usual form, Green purchased at teh sale; and having received a Sheriff's deed, he "took possession of the whole of the said demanded premises without any opposition from the said McCracken, or those in possession" (as found by the Court below). Green subsequently conveyed to Howard, the landlord of the defendants.

Upon this statement of facts it is clear that the legal title to the Fowler half of the premises did not pass to Green by the Sheriff's deed. At the time that the action was instituted against Fowler he had already conveyed that title to McCracken, who was not made a party defendant, and whose deed had been delivered and was of record before the decree of foreclosure was entered against Fowler. It results that the legal title to this half is in the plaintiff, Davenport. This was the conclusion reached by the Court below on the trial of the cause. Judgment, however, was rendered for the defendants below, because "Green took possession of

the whole of the demanded premises without any opposition from the said McCracken or those in possession," the Court being of opinion that this fact constituted Green and those claiming under him "mortgagees in possession," who cannot be evicted without payment of the mortgage debt being first made to them. When Green took possession he was, irrespective of his purchase at Sheriff's sale, a tenant in common of the premises, and as such had a right to enter upon them. McCracken, his co-tenant, therefore, could not have lawfully prevented his entry thereon, even if he had desired to do so. The mere fact of his acquiescence in the entry of Green, who owned one undivided half of the premises, is not, therefore, at all inconsistent with his own claim of title to the other undivided half. Besides, it is not found, in this connection, that McCracken was in possession when Green entered, or that the latter turned him out of possession, or that McCracken even had knowledge that Green had entered at all. The facts found by the Court in this respect go but a little way toward constituting the defendants, or those under whom they hold, "mortgagees in possession."

Judgment and order denying new trial reversed, and cause remanded.

Mr. Justice SPRAGUE did not express an opinion.