## ELDRED v. DRAKE.

1. **Conveyance:** NOTICE: BONA FIDE PURCHASER.  The husband purchased real estate and had the deed made to his wife, although he was at the time largely indebted; the land was subsequently levied on and sold under a judgment against him; previously to this sale, however, the wife had conveyed the land for a valuable consideration to a purchaser in good faith and without notice of any adverse claim of title: *Held*, that the title of the latter was superior to any equity acquired under the sheriff's deed.

*Appeal from Cerro Gordo District Court.*

THURSDAY, JUNE 15.

ON the 2d day of September, 1869, the defendant was the owner of one hundred and sixty acres of land in Cerro Gordo county, and one Simeon E. Essex was the owner of certain lands in the State of Illinois.  An agreement for exchange was made, and defendant at the request of Essex conveyed the Cerro Gordo county land to Dorinda Essex, wife of said S. E. Essex.  The wife paid no consideration, and her husband was at the time indebted in a considerable amount.

After the conveyance was made to the wife and on 26th day of September, 1869, Drake commenced a suit in attachment against S. E. Essex, the husband, and levied on the land which was conveyed to the wife.  On the 9th day of June, 1870, judgment was rendered against Essex in the attachment proceedings, and special execution ordered to sell the attached land, and on the 24th day of November, 1870, the same was sold at sheriff's sale, and Drake became the purchaser, and still holds the land under the sheriff's deed.

On the 6th day of October, 1870, Dorinda Essex conveyed said land to the plaintiff, Nelson Eldred, her said husband joining in the conveyance.

This suit is brought by the plaintiff to set aside the sheriff's deed to defendant.  The defendant asserts his title under the sheriff's deed and attachment proceedings, alleging fraud, a voluntary conveyance to the wife without consideration, notice to the plaintiff by levy of attachment, and asks that

the deed to plaintiff be canceled, and title quieted in defendant. Trial by the court, decree for plaintiff, and defendant appeals.

*Cloud, Broomhall & Jones* and *Miller & Cliggett*, for appellant.

*M. W. Anderson*, for appellee.

ROTHROCK, J.—Dorinda Essex paid no consideration for the land, and her husband was largely indebted, including the debt to defendant on which the attachment proceedings were afterwards had.

Under these circumstances the creditors of the husband could subject the land to the payment of their claims.

The plaintiff, however, claims that when he made the purchase, on the 6th day of October, 1870, he purchased for a valuable consideration, without notice of any claim of defendant.

The evidence shows that when plaintiff made his purchase he paid to Dorinda Essex $320 in cash as the consideration; that he received a warranty deed executed by her and her husband, and that he had no knowledge at that time of any attachment, or levy on the land, and that he has paid all taxes on the land since his purchase, and redeemed it from a tax sale made before his purchase. The plaintiff cannot be charged with constructive notice of the levy of the attachment. The proceedings in attachment were against S. E. Essex, and the title of record was held by Dorinda, his wife. There being no evidence of actual notice to plaintiff, and he being a *bona fide* purchaser, for a valuable consideration, which was actually paid at the time of his purchase, we think that the District Court properly held that his legal title was superior to any equity held by the defendant. This case is fairly distinguishable from *Sillyman v. King*, 36 Iowa, 207, and *Kitteridge v. Chapman*, Id., 348. In the former there was no evidence whatever of the payment of purchase money by the subsequent purchaser, and in the latter the evidence showed the payment of the nominal sum

1. CONVEYANCE: notice: bona fide purchaser.

of one dollar; and besides, there are facts and circumstances in both cases tending to show bad faith on the part of the parties claiming to be innocent purchasers.

AFFIRMED.