## BAILEY v. McGREGOR ET AL.

1. **Notice:** ATTACHMENT: LIS PENDENS. The fact that one who buys real estate of the wife has knowledge of the pendency of an action against the husband will not charge him. with notice of an attachment therein against the land, nor deprive him of the character of a *bona fide* purchaser.

2. ———: ———: INCUMBRANCE BOOK. An entry in the incumbrance book of the fact that an attachment has been levied upon land in an action against one not the holder of the legal title does not constitute constructive notice to the purchaser of such title.

3. **Vendor and Vendee:** PURCHASER OF LEGAL TITLE. The purchaser of real estate from the holder of the legal title, for a valuable consideration and without notice of liens thereon, takes the same divested of such liens and free from any infirmities of title to which it may have been subject in the hands of his grantor.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, OCTOBER 17.

IN CHANCERY. The petition alleges that plaintiff is the owner of certain land situated in Franklin county, which he purchased of Margaret J. Tuttle; that defendant, McGregor, prior to plaintiff's purchase of the land commenced an action in Hardin county against E. S. Tuttle, and levied an attachment issued therein upon the land; that when plaintiff purchased the land he had no knowledge of the suit; that, subsequently to his purchase, judgment was rendered in the action upon which execution has been issued and the land sold thereon, and that defendant is about to procure the execution of a sheriff's deed upon the sale, the time of redemption having nearly expired. It is further alleged that the sale of the land and the deed to be executed thereon will constitute a cloud upon plaintiff's title; he, therefore, prays that the sheriff, who is made a party, may be enjoined from executing it and the sale be set aside, and the land be declared free from any lien or claim based upon the attachment and judgment against E. S. Tuttle.

The answer admits the action, attachment, judgment, sale, etc., as charged by plaintiff; also, admits that the legal title

of the land in question is in plaintiff, and was acquired from Margaret J. Tuttle, but it alleges that E. S. Tuttle was a debtor of defendant, and fraudulently caused the legal title of the land to be vested in Margaret J., his wife, in order to defeat defendant, and other creditors, and that the conveyance to the wife was without consideration, of all of which plaintiff had notice, and the deed from her to plaintiff was made to carry out the fraudulent design of E. S. Tuttle and his wife to defeat his creditors, and was without consideration. The defendant makes his answer a cross-bill, and prays that the deed to plaintiff may be set aside, that E. S. Tuttle and his wife be made parties to the action, and a proper decree be entered subjecting the land to defendant's judgment. The cause was tried upon written testimony, and a decree was rendered dismissing plaintiff's petition, and granting defendants the relief prayed for in the cross-bill. Plaintiff appeals.

*Huff & Reed*, for appellant.

*Fred. Gilman*, for appellee.

BECK, J.—I. It may be admitted that Margaret J. Tuttle acquired title to the land with the fraudulent purpose, on the part of herself and husband, to defeat his creditors and without consideration, although we think the evidence falls far short of establishing this conclusion satisfactorily. The testimony conclusively establishes, in our opinion, that plaintiff purchased the land for a sufficient consideration paid to Mrs. Tuttle, without notice of the informality of the title on account of the alleged fraud of his grantor, and without actual notice of the levy of the attachment at the suit of defendant upon the land. The testimony upon this branch of the case points only in the direction of plaintiff's good faith, entire ignorance of the alleged fraud, and the payment of a full or a sufficient consideration for the land. The evidence of himself, and of Tuttle and Mrs. Tuttle, is, explicitly and clearly, to this effect. There is no contradictory testimony, excepting the statement of a witness of an indefinite recollection that plaintiff said, in a conversation in presence of defendant, he purchased the land of Tuttle. But the defendant himself fails to corroborate this

Bailey v. McGregor.

testimony. The witness speaks of the conversation as one to which he gave little attention and in which he had no interest. The positive and direct evidence of plaintiff's witnesses cannot be overcome by testimony of this character.

II. It is shown that, at the time plaintiff bought the land, he had heard that defendant had brought suit against Tuttle, 1. NOTICE: attachment: lis pendens. but he was not informed that it was by attachment, or that it in any way related to the land in question, nor was he informed of any matter connected with its merits. He then lived in California. In our opinion this information was not of a character to put him upon inquiry. The mere fact that a husband is sued cannot be regarded as threatening danger to the wife's land. The highest degree of prudence would not have dictated inquiry on the part of plaintiff to ascertain if the suit related to or affected the land he was about to purchase.

III. Code, Sec. 3022, provides that the levy of an attachment upon lands shall not be notice to a subsequent purchaser 2. ——: ——: incumbrance book. unless the sheriff making the levy enter the fact in the incumbrance book of the county wherein the land is situated. Such an entry was made in the proper record of Franklin county. But the attachment, it will be remembered, was in a suit wherein the husband alone was defendant. The record of an attachment against him levied upon lands as his property would not impart constructive notice to a purchaser from the wife who held the legal title. This precise point has been ruled by this court. *Eldred v. Drake*, 43 Iowa, 569; *Farmers Nat. Bk. of Salem v. Fletcher and Loomis*, 44 Iowa, 252.

IV. The plaintiff being a *bona fide* purchaser for value of the lands in question, and having neither actual nor constructive notice of either the alleged frauds or of the 3. VENDOR and vendee: purchaser of legal title. levy of the attachment, under familiar doctrines prevailing in equity, will hold the property against the defendant, a creditor of Tuttle, if it be conceded that the deed to Mrs. Tuttle was for a fraudulent purpose.

The cause being tried *de novo* in this court, a decree to this effect will be entered here. REVERSED.