JOSEPH v. McGILL ET AL.

1. **Injunction**: FRAUDULENT CONVEYANCE: PRACTICE. Where the petition alleged that an action was pending by plaintiff against one of the defendants in which certain real estate, which had previously been fraudulently conveyed to another defendant, was attached, and that the defendants were about to dispose of such real estate for the purpose of defeating plaintiff's claim, *held*, that a temporary injunction restraining such sale was properly continued to the final hearing, notwithstanding the filing of an answer denying all fraudulent intent.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 23.

THE petition in substance alleges that the defendant, Austin McGill, is indebted to the plaintiff on four promissory notes in the sum of $900 to $1,000, for which plaintiff brought suit in February, 1877, and caused to be attached lot four, in block nine, in the town of Ackley; that Austin McGill is the owner of said lot four, and all his other property is incumbered to its full value, and he is insolvent; that a number of years ago, being largely indebted, and in insolvent circumstances, he caused said lot to be conveyed to his wife, the defendant Sarah McGill, for the purpose of covering the same up and putting it beyond the reach of creditors, and on the 13th day of April, 1877, he and his wife conveyed the said property to the defendant Emma McGill, an unmarried daughter living in their family, for the purpose of covering it up and putting it beyond the reach of creditors, and the defendant Emma paid no consideration for the property, and the title is now held by her fraudulently; that the said Austin, and his daughter and wife, are now about to negotiate a sale of the property and convert it into money for the purpose of putting it beyond the reach of creditors. The plaintiff asks that the defendants be enjoined from disposing of the property until the determination of the attachment suit. On the 24th of February, 1879, a temporary injunction was allowed. On the 24th of March, the defendants appeared before the judge allowing the injunction,

and filed a demurrer to the petition, which was overruled. Thereupon the defendants filed an answer denying all the allegations of fraud, and alleging that the defendant Sarah McGill purchased the property in good faith and for a valuable consideration from one William J. Ackley, and conveyed the same to the defendant Emma McGill, in good faith and for a valuable consideration. Upon the filing of this answer the defendants moved to dissolve the temporary injunction. The motion was overruled and it was ordered that the injunction stand until final hearing. The defendants appeal.

*J. H. Scales,* for appellants.

*Huff & Reed,* for appellees.

DAY, J.—If this injunction cannot be maintained there may be a denial of justice to the plaintiff. The legal title to the 1. INJUNC-property in question is now in the defendant TION: fraud-ulent convey-Emma McGill. An attachment of this property ance: prac-tice. in a suit against Austin McGill on the notes would not prevent the defendant Emma from disposing of the property to an innocent purchaser. Emma is not a party to the notes, and could not properly be made a defendant to an action upon them. In an action upon the notes Emma could not be made a party for the purpose of declaring the conveyance to her fraudulent. *Stevens v. Chance,* 47 Iowa, 602. It amounts to this, that when property has been fraudulently conveyed, there is no means of preventing the fraudulent grantee from passing the title to an innocent purchaser, before judgment can be recovered upon the debt in fraud of which the conveyance was made, or injunction is proper under the circumstances alleged. The appellants rely upon *Buchanan v. Marsh,* 17 Iowa, 494. That case we think is distinguishable from the present. In that case an action was brought against Richard and Henry Marsh upon a foreign judgment. The petition alleged that one of the debtors had bought with his own means real estate in the name of his wife and co-defendant Margaret Marsh, with the intention of defrauding his creditors. Upon these allegations alone, so far as appears from the case, the

plaintiff asked that the defendants be restrained from alienating or incumbering the real estate purchased in the name of Margaret, until the rights of plaintiffs could be determined and adjudicated. The relief was denied. It may be that, notwithstanding the fraudulent conveyance to Margaret, the defendants could not be restrained from alienating or incumbering the property for a proper purpose, and so far as the case shows there was no allegation that they intended to alienate or incumber the property for a fraudulent purpose, nor indeed that they intended to incumber or alienate it for any purpose. In this case the petition alleges that the defendants are about to sell said property, and convert it into money for the purpose of putting it beyond the reach of creditors, and especially of the plaintiff. This allegation, we think, distinguishes this case from *Buchanan v. Marsh, supra*, and we are unwilling to extend the doctrines of that case to this.

II. Appellant claims that the plaintiff has an adequate remedy at law: *First*. By action against Emma McGill and Sarah McGill, or Emma alone, for the value of the property fraudulently conveyed, or the amount of the debt, if it does not exceed the value of the property. *Second*. By an action in equity directly against Emma McGill, or Sarah and Emma, and upon filing a proper petition under Code, section 2623. In answer to these suggestions, it may be said: *First*. That a creditor has a right to subject the property of his debtor to the payment of debts, and is not bound to look for indemnity from other parties. *Second*. That an action in equity is not a plain and adequate remedy at law; and that an attachment against one who does not hold the legal title does not prevent the holder of the legal title from passing a good title to a *bona fide* purchaser. See *Bailey v. McGregor*, 46 Iowa, 667.

The judgment is

AFFIRMED.