MUNSON v. FRAZER ET AL.

1. **Assignment for Benefit of Creditors:** DEED UNRECORDED: SUB-SEQUENT ATTACHMENT: PRIORITY. A deed of assignment for the benefit of creditors was made, acknowledged, delivered and filed for record in Pennsylvania, where the assignor resided, prior to the levy of an attachment upon his real estate in Iowa. After the levy of the attachment the deed was also filed for record in the county where the land is, but the acknowledgment was not sufficient under the laws of Iowa. *Held* that the deed, so far as it affected the real estate, was to be regarded in Iowa as simply an unacknowledged and unrecorded deed, which, under the laws of the state, conveyed a title paramount to the attachment. (See opinion for cases and statutes cited.)

*Appeal from Ida District Court* — HON. J. H. MACOMBER, Judge.

WEDNESDAY, OCTOBER 26.

ACTION at law in which certain real estate was attached. The intervenor filed a petition claiming the property under an assignment for the benefit of creditors. A demurrer to his petition was sustained, and the intervenor appeals.

*James Q. McGiffin* and *Homer S. Bradshaw*, for appellant.

*C. W. Rollins*, for appellee.

BECK, J. — I. The petition of the intervenor shows that defendant Frazer, on the same day and about two hours before the attachment was levied upon the lands in question, assigned and conveyed to the intervenor, for the benefit of all his creditors, all his real and personal property. The deed of assignment was executed, acknowledged and recorded in Pennsylvania, the state of defendant's residence, before, but on the same day of, the attachment. Subsequently to the attachment it was recorded in the county of this state in which the lands are situated. The acknowledgment does not accord in form with the laws of this state. The petition of inter-

vention alleges that plaintiff had notice of the assignment when the attachment was levied. The demurrer is on the ground, substantially, that the deed of assignment is not acknowledged according to the laws of Iowa, and was not recorded in the county of this state wherein the lands are situated before the attachment was levied.

We are required to determine whether the deed of assignment will hold the lands in question as against plaintiff's attachment. Our Code contains the following provisions:

"Sec. 1941.  No instrument affecting real estate is of any validity, against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the land lies as hereinafter provided.

"Sec. 1942.  It shall not be deemed lawfully recorded unless it has been previously acknowledged or proved in the manner herein prescribed."

Code, § 2117, provides that "every assignment [for the benefit of creditors] shall be duly acknowledged in the same manner as conveyances of real estate, and recorded in the county where the person making the same resides, or where the business in respect of which the same is made has been carried on."

Section 2116 is in this language:  "In case of an assignment of property for the benefit of all the creditors of the assignor, the assent of the creditors shall be presumed."

The validity of the assignment in question, so far as it involves real estate situated in this state, must be determined by the laws of this state.  (*Moore v. Church*, 70 Iowa, 208.) It is a familiar rule in this state that a deed unacknowledged and unrecorded conveys a title paramount to an attachment. The rule is based upon Code, § 1941, which limits the invalidity of an unrecorded deed as against "subsequent purchasers for a valuable consideration without notice." No such invalidity is declared as against creditors. An instrument which has not been properly acknowledged cannot be recorded.

(Section 1942.) It has the effect in all cases of an unrecorded deed. The deed of assignment in this case is a conveyance of the lands to be held in trust as provided by law. It passes the title to the assignee. The plaintiff, who is a creditor, cannot set up the fact of the want of registry of the deed of assignment to defeat the assignee's title, for the reason that invalidity on that ground arises only as against a "subsequent purchaser for value without notice." (See *American v. Frank*, 62 Iowa, 202.) Here the case ends. The plain provisions of the statute will admit of no other conclusion than that the intervenor, upon the facts shown by his petition, may hold the land as against plaintiff.

The judgment of the district court is          REVERSED.