Goode v. Garrity.

GOODE v. GARRITY *et al.*

**Fraudulent Conveyance:** ACTION TO SET ASIDE: FOUNDATION FOR. Until a creditor in some manner obtains a lien on his debtor's property, or has exhausted his remedies at law, or done what is equivalent thereto, he cannot question in equity a fraudulent conveyance or incumbrance of his property made by such debtor, and have the same set aside. Accordingly *held* that the relief granted by the decree in this case (see opinion) was in excess of plaintiff's rights. (*Buchanan v. Marsh*, 17 Iowa, 494, *followed*; *Joseph v. McGill*, 52 Iowa, 127, *distinguished*).

*Appeal from Polk District Court.*

FILED, MAY 15, 1888.

THIS action was brought against J. F. Garrity, James Garrity, C. M. Mathews and W. H. Welch. There was a judgment for the plaintiff, and the Garritys alone appeal.

*Barcroft & Bowen*, for appellants.

*E. J. Goode*, for appellee.

SEEVERS, C. J.—It is stated in the petition that J. F. and James Garrity executed certain promissory notes to the plaintiff, and had disposed of their property to defraud their creditors; that the defendant Mathews purchased certain property of J. F. Garrity, and obtained from the latter certain promissory notes, secured by mortgage on real estate, and thereby certain indebtedness which Garrity owed Mathews had been paid and satisfied; that said Garrity, claiming to be acting for Mathews, sold and transferred to the defendant Welch certain notes and accounts, for which Welch agreed to pay Garrity, and that Mathews had no interest in said notes and accounts; that James Garrity is the owner of certain described real estate, and executed a mortgage thereon to Matthews for the purpose of defrauding the creditors of the former; that said Garrity has a large amount of personal property and credits, and other real estate, which should be subjected to the payment of his debts, "which plaintiff cannot discover without answer and discovery from James Garrity;" that the "Garritys and Mathews fraudulently combined and colluded together to cover up and conceal the property-rights and credits of said Garritys to prevent the same from being reached by their creditors, and subjected to the payment of their debts, whereby the plaintiff especially has been injured and defrauded, and can only obtain relief in equity." The relief asked is judgment for the amount due on the notes payable to the plaintiff executed by the Garritys; that an attachment may issue against the Garritys, and that they

make discovery of their property; that-said accounts and credits transferred to Welch be adjudged to be the property of Garrity, and that the amount due from Welch for the purchase and assignment of the same is subject to attachment at the suit of plaintiff in the hands of Welch towards the payment of plaintiff's indebtedness from said Garritys; that the real estate be decreed subject to the plaintiff's claim, free from the mortgages thereon; and that the plaintiff have such other and further relief as he in equity may be entitled to. Appellants contend that, conceding that all the allegations of the petition have been established, with possibly a single exception, yet the plaintiff is not entitled to the full measure of relief granted him.

I. This action was tried in the district court as an equitable proceeding, and it will be so tried and determined in this court. The district court rendered judgment for the plaintiff, and also that the "plaintiff is entitled to subject the notes and accounts in the hands of said Welch, which accrued prior to April 30, 1885, to the payment of his said debt under his attachment and garnishment of said Welch herein, or a sufficient amount thereof to satisfy his said debt, interest and costs." And it was also adjudged that "plaintiff be subrogated to all the rights of J. F. Garrity in said notes and accounts, * * * and he may proceed under his attachment and garnishment herein to subject the same to the payment of his debt; * * * and said Welch is adjudged to hold the same subject to plaintiff's said claim." It is to this portion of the judgment that counsel for appellants object. It may possibly be inferred from the language used by the court that there was evidence tending to establish the recited material facts. We, however, have been unable to discover any evidence in the record which tends to establish that Welch was garnished, or that the makers of the notes or persons indebted on the accounts transferred to him were garnished. Nor do we understand it to be alleged in the petition that plaintiff had obtained a lien on any specific property by attachment and garnishment.

Goode v. Garrity.

Counsel for the appellants concede that the plaintiff in an action at law or equitable proceeding is entitled to an appropriate order subjecting the attached property to the payment of the judgment, but, as we have said, the contention of counsel in the case is that it does not appear from the allegations of the petition, nor is it established by the evidence, that the plaintiff at any time obtained any lien upon the notes and accounts in the hands of Welch, and therefore the plaintiff is not entitled to such relief; and we think this position must be sustained, for the reason that this court adopted such rule many years ago in *Buchanan v. Marsh*, 17 Iowa, 494. It is there said: "The rule is, so far as we know, without exception that the creditor must have completed his title at law by judgment, if not by execution, before he can question the disposition of the debtor's property." In addition to the authorities referred to in the cited case, see Bump Fraud. Conv. 511, and authorities cited in note. It will be conceded that if the plaintiff had obtained a lien on the property in the hands of Welch by attachment or otherwise, he could in this proceeding remove any clouds cast on his title or right. Possibly, if he had obtained such lien he could have so alleged in an amended or supplemental petition, and obtained appropriate and sufficient relief, if for no other reason than to prevent a multiplicity of suits. But until a creditor in some manner obtains a lien on his debtor's property, or has exhausted his remedies at law, or done what is equivalent thereto, he cannot question in equity a fraudulent conveyance or incumbrance of his property made by such debtor, and have the same set aside. *Joseph v. McGill*, 52 Iowa, 127, is not in conflict with this view.

The judgment of the district court must therefore be modified and affirmed, and the parties, or either of them, are entitled to a decree in this court if they so elect.

MODIFIED AND AFFIRMED.