J. F. HILL, *et al.*, v. JAMES DENNEY, *et al.*, Appellants.

**Fraudulent Conveyance: LIEN.** It is indicated that an attachment at
1 law may sufficiently invoke equity in cases where else, the proceeding at law must remain wholly ineffectual.

**SAME.** At any rate it must be plead and proven in order to take a
2 mortgage out of the way of the attachment that the debtor's property, over and above the mortgage is insufficient to satisfy the debt.

*Appeal from Johnson District Court.*—HON. M. J. WADE,. Judge.

FRIDAY, DECEMBER 16, 1898.

ACTION in equity to cancel a mortgage which is alleged to have been fraudulently executed. A demurrer to the petition was overruled, and the defendants, having elected to stand upon their demurrer, appeal.—*Reversed.*

*Cash & Coldren* and *Remley, Ney & Remley* for appellants.

No appearance for appellee.

ROBINSON, J.—The petition shows that there are twelve plaintiffs; that about the sixteenth and eighteenth days of December, 1896, they commenced their several actions in the district court of Johnson county against the defendant James Denneny, to recover severally upon his obligations, all of which existed prior to August 4, 1896, and upon each of which he is justly indebted to the party seeking to recover upon it; that in each action a writ of attachment was issued and levied upon a quarter section of land in Johnson county,. which is described; that, on the date last specified, James Denneny and his wife, for the purpose of defrauding his creditors, and without consideration, executed a mortgage upon

the land to the defendant Lawrence Denneny, Sr., the father of James; that the mortgage has been recorded · and that on the fifteenth day of December, 1896, a pretended assignment of the mortgage was executed by the mortgagee to his wife, the defendant Harriet Denneny, and recorded. The petition further alleges that there was no consideration for the assignment; that it was made to defraud the creditors of James Denneny; that, by virtue of the levies made under the writ mentioned, the several plaintiffs acquired liens on the land described; and that their actions are still pending. The petition asks that the mortgage be canceled, set aside, and declared not to be a lien on the land. The demurrer alleges that the facts stated in the petition do not entitle the plaintiffs to the relief demanded.

The appellants contend that the demurrer should have been sustained, for the reason that the plaintiffs did not acquire a lien or interest in the land, by virtue of their writs, which a court of equity will enforce. Inasmuch as the question thus presented is of great importance, we regret that the argument for the appellants covers less than a printed page, and that we are without any argument for the appellees. In the case of *Buchanan v. Marsh*, 17 Iowa, 494, the plaintiffs sought to recover on a foreign judgment, and to restrain, pending the suit, the alienation of certain real estate alleged to be owned by the judgment debtor, but to have been purchased in the name of his wife with the intention of defrauding his creditors. This court said that "the rule is, as far as we know, without exception, that the creditor must have completed his title at law, by judgment (if not by execution), before he can question the disposition of the debtor's property. * * * The reason for the rule is that, until the creditor has established his title or his debt by the judgment of a court, he has no right to interfere; for, unless he has a certain claim upon the property of the debtor, he has no concern with his frauds." It was accordingly held that the temporary injunction granted was properly dissolved. It was said in *Goode v. Garrity*, 75 Iowa, 713, that "until a creditor in some manner obtains a lien on his debtor's property, or

has exhausted his remedies at law, or done what is equivalent thereto, he cannot question in equity a fraudulent conveyance or incumbrance of his property made by such debtor, and have the same set aside." What was thus said was based upon the fact that a lien upon the property sought to be reached had not been obtained. In the case of *Clark v. Raymond*, 84 Iowa, 251, the right of the plaintiff to have a receiver appointed to take possession of certain land alleged to have been conveyed by the defendant, J. M. Raymond, to defraud his creditors was involved. The application was based upon an action on a promissory note of said Raymond, in which an attachment had been issued and levied upon the land. It was said that the attachment did not create a lien as against J. M. Raymond, because he had no legal interest in the property, and that, in case of judgment against him and sale thereunder, it would be necessary to set aside the conveyance alleged to be fraudulent to give to the plaintiff title. It was said, further, that as a general rule, a creditor's bill cannot be maintained until judgment has been obtained in the principal action, and that it must be shown that the judgment defendant is insolvent, and that the debt cannot be collected on execution. The real point determined, however, was that an attaching creditor, whose claim is not in judgment, is not entitled to have appointed a receiver of attached realty alleged to have been conveyed by the debtor to defraud his creditors. The case was again before us on a second appeal (86 Iowa, 661), and we again said that the attachment alone created no lien upon the land, and held that the plaintiff was not entitled to a receiver, because she had failed to show any right to or interest in the property which she could not enforce by ordinary methods and process. The plaintiffs in *Faivre v. Gillman*, 84 Iowa, 573, sought to recover judgment against an alleged debtor, and to have a conveyance of land alleged to have been made by her without consideration, when of unsound mind, set aside; that, if her personal property proved to be insufficient to pay the plaintiff's claim, so much of the real estate be sold as should be necessary to pay the claim. Other relief

was also asked. It was held that there was a misjoinder of causes of action, and it was also said that, as the plaintiffs were not judgment creditors, they were not entitled to maintain a creditors' bill. In the case of *Boggs v. Douglass*, 89 Iowa, 150, we said that "it is the well-settled rule in this state that the levy of an attachment upon real estate which the attachment debtor has conveyed to another to defraud his creditors, unless followed by supplemental proceedings, creates no lien upon the property so attached." What supplemental proceedings, in such a case would be effectual to establish a lien, was a question not involved and not determined. The rule of the cases cited was again approved in *Ware v. Delahaye*, 95 Iowa, 667. In the case of *Taylor v. Branscombe*, 74 Iowa, 534, some statements were made which seem to be in conflict with the rule stated in the cases cited. It is to be observed, however, that the defendants in that case were non-residents of this state. The judgment debtor, by means of a fraudulent conveyance, had divested himself of all interest in the land which he could have asserted against his grantee. An action at law, aided by attachment, would have been wholly ineffectual, and the plaintiff would have been without remedy had he been restricted to proceedings at law. The action was commenced in equity, and was aided by attachment, and the right to proceed by that method was sustained. It would have been a reproach to our jurisprudence had there been no remedy in such a case.

It will be ascertained by a careful examination of the cases cited that none of them hold that an action in equity in aid of an attachment at law cannot be maintained where it is made to appear that the proceedings at law will be wholly insufficient to give the relief demanded if the aid of a court of equity be not also given. The case of *Goode v. Garrity* involved the attachment of notes and accounts; the case of *Clark v. Raymond* involved the appointment of a receiver; the case of *Faivre v. Gillman* was determined upon the misjoinder of causes and parties; and the case of *Boggs v. Douglass* merely decided that the levy of an attachment upon land

conveyed by the attachment debtor to defraud his creditors did not create a lien unless followed by supplemental proceedings. In the case of *Buchanan v. Marsh,* an injunction to restrain the alienation of property, alleged to have been conveyed to the wife of the debtor to defraud his creditors, was denied; but it did not appear that the plaintiff would have been without remedy if the injunction had not been allowed. In several of the cases referred to, however, language was used which would lead logically to the conclusion that an attaching creditor had no right to maintain a proceeding in equity, before judgment, in aid of his attachment, to reach property fraudulently conveyed. Whether that was the rule prior to the enactment of section 3899 of the Code, we do not find it necessary to determine. But, if it was not the rule, it was, at least, necessary to show that the relief which an action at law would afford would not be adequate, before a proceeding in equity could have been maintained. No showing of that kind is made by the petition in this case. It does not appear that the plaintiffs will be unable to realize the amounts due on their respective claims if the relief asked is not granted. It is not alleged that the debtor is insolvent. The value of the land, the amount of the mortgage, and the amounts claimed by the plaintiffs, are not shown. There is nothing in the petition to justify the conclusion that the interest of the debtor in the land subject to the mortgage is not sufficient to satisfy the claims of the plaintiffs, or that they may not be satisfied from other property owned by him. We conclude that the petition does not show that the plaintiffs are entitled to any relief in this action, and that the demurrer should have been sustained. It must be understood that what we have said is not intended to indicate the proper practice under section 3899 of the Code. The order of the district court overruling the demurrer is REVERSED.