ALBERT JOHNSON

vs.

GEORGE R. ROBINSON.

This was an action to remove a cloud from plaintiff's title to certain real property. Defendant in his answer alleged that at a date several months before the commencement of the action, he sold and conveyed by warranty deed all his right and title to the premises, and he disclaimed all further interest therein. On the trial it appeared that defendant had, before the commencement of this action, conveyed away the premises by warranty deed to one Carver. The court holding Carver to be a necessary party to the action, made an order giving the plaintiff leave to take proceedings to bring Carver in as a defendant within twenty days after notice, otherwise the action to be dismissed. Plaintiff having failed to take the proceeding permitted by the order, the action was dismissed. *Held*, no error.

Appeal taken by plaintiff from the judgment of the district court for Hennepin county. The case is fully stated in the opinion of the court.

L. M. STEWART, for Appellant.

HAUSER & ROBINSON, for Respondent.

*By the Court.*—BERRY, J.—The plaintiff claims title to a certain lot in Minneapolis, and brings this action to remove a cloud alleged to be created upon such title by a deed to defendant and the record thereof. The prayer of the complaint is that the deed and record may be decreed null and void; that defendant may be adjudged to have acquired no right in the premises by virtue thereof; that plaintiff's title

to the premises may be decreed perfect, and that the judgment prayed for may be recorded in the proper registry of deeds.

Defendant's answer alleges, among other things, that at a specified date (several months before the commencement of this action) he sold and conveyed by warranty deed all his right and title in and to the premises, and he " disclaims any further interest in the subject matter of the suit," which he prays may be dismissed. Upon the evidence introduced, the court below was of opinion that the plaintiff was, as against the defendant, entitled to the relief prayed for. But upon the trial it appeared in the words of the opinion filed that " the defendant had conveyed away the premises in question by warranty deed to one Edward E. Carver, before the commencement of this action, which deed, however, was not recorded till after this action was commenced and *lis pendens* filed." The court correctly held that the *lis pendens* did not bind Carver, whose rights were fixed before the commencement of the action (see *Bennett vs. Hotchkiss, ante p.* 165.) The court also held that defendant had no interest in the subject of the action save that arising out of his warranty, and that Carver was a necessary party to the action. In this we think the court was entirely right. Notwithstanding the fact that the decree would not bind Carver unless he were a party to the action, the practical effect of a decree in accordance with the prayer of the complaint, and its entry in the registry of deeds, would have been to cloud his title, so that, as a matter of fact, the determination of the suit would have affected and injured him. At the same time *his* rights would have been left undetermined and unsettled. In holding him to be a necessary party, the court below followed the established and characteristic rule of courts of equity, the constant aim of which is to do complete justice by set-

tling the rights of all persons interested in the subject of the suit, and so as, among other objects, to prevent future litigation. 1 *Danl. Ch. Pr.*, 3d *Am. Ed.* 181-2 *and notes.*

The order made in the case was that " the plaintiff has leave to take proceedings to bring in said Carver as a party defendant within twenty days after notice, otherwise the action is ordered to be dismissed." This conditional order was entirely proper. *Cover vs. Baytown*, 12 *Minn.* 131. The plaintiff having failed to take proceedings as permitted in the order, judgment was entered dismissing the action. This was, we think, allowable under *sub. div.* 3, *sec.* 242, *chap.* 66, *Gen. Stat.*, which provides that an action may be dismissed without a final determination of its merits " by the court, when upon the trial, and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover." In this instance although it appears that " the proofs of the respective parties had been submitted " before the court upon finding Carver to be a necessary party, had made the foregoing order, we think the effect of the order was to open the case, to leave it still *upon trial*, and not finally submitted. The plaintiff having failed to bring Carver into court, though he was a necessary party to the proceeding, and having also of course failed to establish his cause of action against him, the action was properly dismissed.

It follows that the defendant was properly awarded the costs below. It is true, as plaintiff points out, that the court below in its opinion says that " as matter of law, the plaintiff is entitled to his relief as prayed against the defendant," but this is not only said as it were *arguendo*, and not as a formal finding, but the opinion proceeds to show that he cannot properly have this relief without bringing in Carver as a defendant.

This remark viewed in the connection in which it occurs, then, is not inconsistent with the award of costs to defendant.

Judgment affirmed.