R. E. SHEPHERD *vs.* EDWARD K. WARE and others.

May 12, 1891.

Constitution—Actions Concerning Title to Realty—Constructive Service.—The state may clothe the district court with power to adjudicate the title and ownership of real property upon constructive service of process on adverse claimants.

Same—Nature of Action—Limit of Judgment.—In such cases the judgment is to be limited in its effect to the property described in the complaint, and the action is in the nature of a proceeding *in rem.*

Same—Action to Determine Adverse Claims—Discretion of Legislature.—The legislature may therefore provide for constructive or substituted service of process in actions to determine adverse claims to land, in cases of necessity or where personal service is impracticable, and with a reasonable exercise of such legislative discretion the courts will not interfere.

Same—Service on Unknown Claimants.—Laws 1881, Ex. Sess.. c. 81, providing for the service of process upon unknown claimants in that class of actions, *held* constitutional.

Appeal by defendants from a judgment of the district court for Mower county, where the action was tried by *Farmer*, J., a jury being waived.

*French & Wright* and *Williams, Goodenow & Stanton*, for appellants.

*Kingsley & Shepherd*, for respondent.

VANDERBURGH, J. This is an action to recover the possession of certain land described in the complaint, alleged and admitted to be in defendants' possession. Upon the evidence disclosing the claim and title of each party to the premises, the court found in favor of the plaintiff.

It appeared that the plaintiff claims title under one Daniels, from whom he received a conveyance of the premises in 1889. It is found by the court that Daniels, in 1882, by virtue of certain tax-sales, had color of title to the land, and in November of that year commenced an action to quiet the title and determine adverse claims under the statute, in which action one "Benjamin Human and all other persons or parties unknown, claiming any right, title, or interest in the real property described in the complaint on file in the action, and their unknown heirs," were defendants. The action proceeded against the parties defendant as above described, and the summons was served by publication, in pursuance of the provisions of Gen St. 1878, *c.* 75, § 2, as amended, (Laws 1881, Ex. Sess. *c.* 81.) The court found that the provisions of that chapter were in all things complied with as to the parties and procedure, and that judgment was rendered by default in Daniels's favor in March, 1888, whereby, among other things, it was adjudged that Daniels was the owner and entitled to the quiet and peaceable possession of the premises. The original patentee was Benjamin Homan, who entered the land at the United States land-office in 1856, and to whom a patent was issued in 1857, and the land was certified for taxation by the register of the land-office as entered by Benjamin Human, and the certificate duly filed in the office of register of deeds of the proper county prior to October 31, 1857. No question is raised here upon the mistake in the name of the patentee, recorded as "Human" instead of "Homan." The patent to Homan was not recorded till 1885. The defendant

Ware claims title by deed dated in 1885, under mesne conveyances from the patentee, none of which were recorded until 1883. The trial court held that the judgment in the action brought by Daniels against "Human and unknown claimants" bound the defendants, and ordered judgment for the plaintiff herein.

At the time the former action was commenced the title appeared of record in Homan,—that is to say, no grantee had recorded his deed; but the title had in fact passed to one Bragg, who acquired title through intermediate conveyances in 1879, all of which were recorded with his in 1883. It was necessary, therefore, that Bragg should have been made a party to the suit brought by Daniels in 1882, when the *lis pendens* was filed, in order to make his judgment effectual. But if the suit in form against Homan, in whom the title appeared of record, and the unknown claimants, was sufficient to conclude Bragg, then the record of this notice of *lis pendens*, filed when that suit was commenced, would also bind his grantee in a subsequent deed; that is to say, if the summons, in the form published in that action, was sufficient notice to Bragg, the judgment therein is valid and binding on Ware. It being conceded that the statute in question, providing for this mode of service upon unknown claimants in the manner therein provided, was complied with, the only question to determine is whether the act in question is constitutional. The defendant claims that the procedure is not due process of law, and that the judgment is void. The question, then, is whether the legislature has the power, in actions to determine adverse claims to real property, to authorize proceedings by action against unknown claimants, and bind them by constructive notice thereof.

It is conceded that constructive or substituted service may be authorized by the state, and resorted to in all actions or proceedings touching real property which are properly denominated actions or proceedings "*in rem.*" Such are actions to partition real estate, proceedings to enforce the collection of taxes against lands, and for the condemnation of land. *Pennoyer* v. *Neff*, 95 U. S. 714, 727. Actions *quia timet* in respect to land, to remove a cloud, or to determine adverse claims, are equitable in their nature, and, strictly speaking, equity acts upon the person, and not upon the property; and in

these actions the judgment affects the claim or title to the land, and they are not strictly actions *in rem*. But they concern real estate lying within the jurisdiction of the court, and the state may clothe the court with full power to inquire and adjudicate as to its *status*, title, and ownership; and it is now well settled that, as respects the procedure provided, and the constructive service of notice by publication upon non-resident defendants, at least, actions of this kind are to be classed with actions *in rem*. *Arndt* v. *Grigs*, 134 U. S. 316, 322–326, (10 Sup. Ct. Rep. 557;) *Lane* v. *Innes*, 43 Minn. 137, (45 N. W. Rep. 4.) The question is not what a court of equity, under its general powers as such, may do, but what the state may authorize in actions to adjudicate the title to real estate. Thus it is said in *Boswell* v. *Otis*, 9 How. 336, 348, 350 : "It is immaterial whether the proceeding against the property be by attachment or by bill in chancery. It must be substantially a proceeding *in rem*. A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem*, in ordinary cases; but when such a proceeding is authorized *by statute*, on publication, without personal service of process, it is substantially of that character." And "the inquiry should be, have the requisites of the statute been complied with, so as to subject the property in controversy to the judgment of the court, and is such judgment limited to the property named in the bill?" The judgment can affect the property only, and the defendant is not personally bound beyond it. And such, in substance, is the character of this action. Its object is an adjudication of the state of the title, and the judgment goes no further. And by the procedure under consideration, the proceedings are instituted by filing the complaint, and recording the *lis pendens* against the property, and followed by the publication provided for. This aspect of the question was not considered by this court in its reference to this class of actions in *Bardwell* v. *Collins*, 44 Minn. 97, (46 N. W. Rep. 315.)

It is a case, then, where constructive or substituted service of notice upon adverse claimants may be made. Under the constitution, legal proceedings in the courts are under the direction of the legislature, subject, of course, to the fundamental provisions of the bill of

rights. But the guaranty of "due process of law" does not *necessarily* require personal service of notice upon parties resident or non-resident. The legislature may, in its discretion, provide for substituted service in case of necessity, or where personal notice is for any reason impracticable, in an action where the controversy relates to property which is within the jurisdiction of the court; and with a reasonable exercise of such legislative discretion the courts will not assume to interfere. Thus attachments are allowed against the property of absconding or concealed debtors within the state, and judgments rendered and their property sold, after notice by publication. Other familiar examples might be cited. "The right of the legislature to make such provision, in proper cases, has never been doubted, but has long been recognized and acted on." Cooley, Const. Lim. 404; *Matter of Empire City Bank*, 18 N. Y. 199, 215; *Burnam* v. *Commonwealth*, 1 Duv. (Ky.) 210. Clearly within the rule stated are statutory regulations providing for the service of notice by publication upon unknown heirs and claimants, in cases involving the settlement of estates or the title of lands. As in other cases, "where actual notice cannot be given, there must either be no remedy, or constructive notice must be substituted as sufficient, and what constructive notice shall be given is a question of legislative discretion rather than of power." *Burnam* v. *Commonwealth, supra.* Ordinary civil actions against known residents of the state do not fall within this rule. *Bardwell* v. *Collins, supra.* Similar provisions are found in the statutes of several of the states, and their validity is upheld by the courts. Rev. St. Wis. 1878, §§ 1208, 3196, 2639; *Truesdell* v. *Rhodes*, 26 Wis. 215; *Gray* v. *Gates*, 37 Wis. 614; *Hynes* v. *Oldham*, 3 J. J. Mon. 266. In the case of *Hollingsworth* v. *Barbour*, 4 Pet. 466, 475, cited by defendant, there was no statute authorizing constructive service by publication, and the decision rests upon that ground.

The act in question here provides that, in actions to determine adverse claims, "the plaintiff may include as defendant in such actions, and insert in the title thereof, in addition to the names of such persons or parties as appear of record to have, and other persons or parties who are known to have, some title, claim, estate, lien, or interest in the lands in controversy, the following, viz.: ' Also all

other persons or parties unknown, claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein.' And service of the summons may be had upon all such unknown persons or parties defendant, by publication, as provided by law in case of non-resident defendants." Laws 1881, Ex. Sess. *c*. 81, § 1. The statute further provides that such unknown defendants should have the same rights as defendants named, who are served by publication; that is to say, the same right to appear and defend, before and after judgment. The provisions of a statute, upon a subject of so great importance, might well have been more complete and definite as respects the procedure to be followed; but this was a matter fairly within the legislative discretion, and the statute is operative and sufficient to authorize the constructive service by publication upon claimants or interested parties who are in fact unknown. But its provisions must be strictly construed and followed. The published summons must contain the names of parties who are known, and those whom the record shows to have some claim, interest, or lien, so as to preserve the distinction between known and unknown parties; and to this end reasonable diligence will be required to ascertain such as are known, in order to comply with the directions of the statute, and effectuate its purpose in the publication of the notice. We think the statutory provisions are sufficient for the purposes intended, and, as they were complied with in this case, we must assume that the court had jurisdiction, and the judgment in question was valid.

Judgment affirmed.