WEST MISSABE LAND COMPANY, Limited, v. LILLIAN R. BERG and Others.[1]

April 15, 1904.

Nos. 13,697—(172).[2]

**Lis Pendens.**

Where a notice of lis pendens has been filed by either party to an action under the provisions of section 5818, G. S. 1894, such notice does not affect the rights of the holder of a prior unrecorded conveyance until judgment therein.

**Judgment.**

Under the provisions of the recording act (G. S. 1894, § 4180), which makes a judgment lawfully obtained notice against the person in whose name the title appears of record, such judgment has no retroactive power in favor of a notice of lis pendens previously filed in the action.

Appeal by defendants from a judgment of the district court for Itasca county, entered pursuant to the findings and order of McClenahan, J. Affirmed.

[1] Reported in 99 N. W. 209.          [2] October, 1903, term.

*Francis G. Burke,* for appellants.
*C. Wellington* and *Thomas R. Benton,* for respondent.

LOVELY, J.

Action under the statute to determine the adverse claims of defendant Lillian Berg (joined with her husband) to one hundred sixty acres of land in Itasca county. It was tried to the court, who, upon findings of fact, sustained plaintiff's asserted title to the property, and ordered judgment accordingly, which was entered. Defendants appeal.

The appellants do not question the facts found by the trial court, but attack the legal conclusions based thereon, in which it was held that an unrecorded conveyance, whereby plaintiff acquired title to the land, was paramount to a previous judgment of the district court in favor of the defendant Lillian Berg against the alleged owner.

The material facts presenting this question may be briefly abstracted from the findings, premising that Charles H. Davis became through purchase the owner of the property on August 27, 1887. It appears that a conveyance to Davis was duly recorded in 1888, whose rights thereby continued until June 22, 1898, when he, by deed, conveyed the land to a Michigan partnership association known as the "Wright-Davis Company, Limited." Subsequently the name of this association was changed to the "West Missabe Land Company, Limited," which, by virtue of such change, succeeded to the title of the Wright-Davis Company in the property, and as plaintiff now maintains this action. October 10, 1899, defendant Lillian Berg, claiming to be the owner of the land, commenced an action in the district court for Itasca county to have her alleged title quieted against all claims of Charles H. Davis, the then record owner of the land in dispute, the deed to the Michigan company being unrecorded, and on October 12 thereafter filed notice of lis pendens in the office of the register of deeds of the proper county according to law. Davis answered, disclaiming any interest in the land, and alleged that he had previously conveyed the same to the Wright-Davis Company. Plaintiff joined issue by reply, but the suit was not heard for several months. In the meantime, and on December 30, 1899 —seventy nine days after commencement of the action and the filing of the lis pendens—the deed from Davis to Wright-Davis Company was

recorded. Thereafter the action was brought to. trial, and judgment for plaintiff (defendant here) was on March 6, 1900, duly entered adjudging Lillian Berg to be the owner of the property, debarring Charles H. Davis from any estate or interest therein.

It may be stated further that under the findings neither the Wright-Davis Company nor plaintiff had notice of any claim of Lillian Berg to the property until after the judgment was entered, and that she had no actual notice of the change of the name of the Wright-Davis Company until more than a year thereafter; but it is not disputed that the plaintiff in this suit was the legal successor of the first-named corporation, and acquired all its rights in and to the land, and the important question contested upon this appeal is the effect of the lis pendens against the unrecorded conveyance of the property to the plaintiff's predecessor, and the effect of the judgment entered in such action. It is insisted for appellants that such notice pendente lite by operation of the judgment in the action against Davis cut off and barred not only the record owner, but the actual purchaser, to whose rights plaintiff therein, by operation of law, succeeded.

.Previous to the provisions of our statute for giving notice of pendency of suits affecting title to real estate, such would have been the effect of the commencement of Lillian Berg's suit upon any one acquiring rights to the property pendente lite, for an action of this character prosecuted in good faith, and followed by a decree, would have been constructive notice to every person who acquired from a defendant therein any interest in the subject-matter of the litigation; but even then it would have been necessary, under the former equitable doctrine, to have brought in and made a party any one who had acquired title thereto previous to the suit. Haughwout v. Murphy, 22 N. J. Eq. 531. But the obvious benefits of constructive notice by record, and the manifest necessity of directing attention thereto for a correct knowledge of the condition of land titles, led to the adoption of the statutory provisions for giving notice of pending suits in the usual place where records thereof are kept.

In 1860 it was in this state first provided by statute that the plaintiff upon the commencement of an action might give notice of his claim by filing a notice of lis pendens with the register of deeds of the proper county, which should thereafter charge all interested persons with

knowledge thereof. This statute only protected the plaintiff, and in 1869 it was amended so that either party to the suit might file such notice, which statute has been in force ever since. · G. S. 1894, § 5866. This act was intended to abrogate entirely and as to all the parties the common-law rule that purchasers pendente lite were charged with notice by the pendency of the action, and bound by its results, and to leave it to either party to protect himself against the effect of transfers by the opposite party by filing the notice therein provided for. Jorgenson v. Minneapolis & St. L. Ry. Co., 25 Minn. 206.

It is important to refer to the terms of the statute, which, after providing for the filing of the notice in the proper place, and new notices upon amended pleadings, prescribes in express terms as follows:

> From the time of filing such notice, and from such time only, the pendency of the action shall be notice to purchasers and incumbrancers of the rights and equities of the party filing such notice, to the real property in such notice described. G. S. 1894, § 5866.

The necessary inference from this language is clear, and would not seem to admit of doubt that, where a notice is required during the pendency of the proceedings, such statutory notice must be given to affect subsequent purchasers or incumbrancers, and can operate under such notice, and by virtue thereof only after the same has been filed; hence existing rights of the true owner of the property, or of any person having an interest therein, prior to the filing of such notice, cannot be affected thereby. But it is claimed that the so-called recording act (G. S. 1894, § 4180) necessarily operates to control and modify the limitation of the lis pendens statute so that the judgment entered by Mrs. Berg would give the lis pendens filed in her action against Davis a retroactive effect. The language of this act is as follows:

> Every conveyance by deed, mortgage, or otherwise, of real estate within this state, shall be recorded in the office of the register of deeds of the county where such real estate is situated; and every such conveyance not so recorded shall be void, as against any subsequent purchaser in good faith, and for valuable consideration, of the same real estate, or any part [portion] thereof, whose conveyance, * * * is first duly recorded:

or as against any attachment levied thereon, or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance.

Were it not for the judgment in Berg v. Davis, it would not be a matter of the slightest question that the rights of the plaintiff in this suit under the unrecorded conveyance were not affected by the notice pendente lite, for such notice was to be effective only after filing. But the conveyance to plaintiff was recorded before the judgment, and, if the judgment can be treated or considered as notice from the time of the commencement of the action, it must be because it relates back to the lis pendens, and by virtue of its rendition attaches to such notice a consequence that up to the time the judgment was entered it did not have. If this contention is sound, it would follow logically that the judgment should operate from the date of the commencement of the suit, and bar future conveyances, recorded or unrecorded, before the entry of judgment, and this notwithstanding the notice of lis pendens might never have been given or filed, in direct opposition to the ruling of this court in Jorgenson .v. Minneapolis & St. Louis Ry. Co., supra, and contrary to the generally recognized understanding of the previous decisions of this court. Bennett v. Hotchkiss, 20 Minn. 148 (165); Johnson v. Robinson, 20 Minn. 153 (170); Windom v. Schuppel, 39 Minn. 35, 38 N. W. 757; Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773.

There is no reference in the recording act (G. S. 1894, § 4180) to the effect of a lis pendens upon a judgment, and it seems very clear to us that the obvious and reasonable construction of this statute in relation to the lis pendens requires us to hold that previous to the entry of judgment the limitations of the notice pendente lite in section 5866, supra, are operative and of full force; hence that such judgment is of no effect upon rights previously acquired, but that when the same is entered it then applies to and controls the rights of all parties as the same at that time are indicated by the record. Counsel for appellants relies upon the case of Carlson v. Phinney, 56 Minn. 476, 58 N. W. 38, but an examination of this decision shows that the court held that a sufficient showing had not been made to open a judgment cutting off the

mortgage of the applicant upon the ground that he had been guilty of laches, and no consideration of these two acts or reference to their relation to each other was made therein.

In Berryhill v. Smith, 59 Minn. 285, 61 N. W. 144, and Hall v. Sauntry, 72 Minn. 420, 75 N. W. 720, the controlling facts indicate that the unrecorded deed continued in that condition after a valid judgment had been obtained, and both of these opinions are entirely consistent with the earlier rule adopted in Johnson v. Robinson, and Shepherd v. Ware. While criticism is made in Berryhill v. Smith of the language in the earlier decisions relative to the effect of judgments which had supposedly limited the same to such as had been docketed, in the latter case it was held to apply to all judgments affecting the title to real estate, whether docketed or not. The inference of counsel, however, that this decision might give retroactive effect to a judgment, as claimed here, would plainly modify the express purpose of the lis pendens acts, and is unauthorized.

We have considered quite carefully the arguments presented by the counsel for appellants to show the difficulties and mischiefs that might arise from the application of the legal rule we are required to adopt in construing the lis pendens and recording acts together under our previous decisions. Such reasons are more properly addressed to the legislature than to the court, who must adhere to its own decisions on a rule of property right, and we need only suggest with reference thereto that a party desiring to attack the title of the record owner and the holder of unrecorded conveyances may seek a method of relief suggested in section 5818, G. S. 1894, which provides that in an action brought to determine adverse claims to real property the plaintiff, in addition to the known parties named, may include as defendants all other persons or parties unknown, which has been held to be a valid exercise of due process of law, and has been sustained in Shepherd v. Ware, supra, and, if defendants had pursued this course, the plaintiff would either have had to come in or would have been barred by the judgment.

Judgment affirmed.