MARK M. MOULTON v. ELIZABETH KOLODZIK.[1]

March 23, 1906.

Nos. 14,633—(93).

**Lis Pendens.**

Notice of lis pendens, duly filed, affects subsequent purchasers and incumbrancers only, and does not operate retroactively. Rights acquired prior to such filing are paramount to the adverse claim of parties to the litigation. Such notice, however, advises parties to an uncompleted transaction concerning the premises described in it of the pendency of the controversy.

**Rights of Vendee.**

The title vested in a vendee under an unrecorded contract for the sale of lands entitling him to possession who has paid only part of the purchase price before the filing of such notice, is not injuriously affected by that notice. When, however, he comes to pay the balance of the purchase price, he has legal knowledge of the lis pendens and may protect himself against paying money to the wrong person by any means permitted by the original or any subsequent agreement between the parties, or provided by law, as by paying the money into court.

**Remedies of Vendee.**

Where, however, the vendor undertakes, by giving the statutory notice of foreclosure, to enforce the provisions of the contract making time of its essence, and the contract contemplates the examination of the title according to an abstract to be furnished by the vendor, it is optional with the vendee to thus protect himself or to rescind the contract and recover the part of the purchase price paid before the notice was filed, in case the vendor is not able to deliver a marketable title.

**Marketable Title.**

Where, as in this case, it appears from the admissions of the pleadings and the testimony introduced that the notice of lis pendens concerning the land involved in such executory contract had been filed, the action described in it had been commenced and was pending, and the complaint in that action attacked the validity of the vendor's title, that title is prima facie unmarketable.

**Tender.**

The vendor in such a case cannot defend an action brought to recover the part of purchase price paid on the ground of failure of the vendee to tender the balance of the purchase price when it appears that no ob-

[1] Reported in 107 N. W. 154.

jection was made to the medium of tender, in this case a cashier's check, and that the basis of the vendor's refusal to accept it and the matter of disagreement was the marketability of the title.

Action in the district court for Swift county to recover from defendant $860 paid by plaintiff upon an executory contract for the sale of land, it being alleged that defendant had failed to tender a marketable title. The case was tried before Qvale, J., who directed a verdict in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*F. P. Olney,* for appellant.

*S. H. Hudson,* for respondent.

JAGGARD, J.

Defendant and appellant, being the owner and in possession of certain lands, on June 12, 1902, entered into an executory contract for its sale to plaintiff and respondent, and agreed, on payment of the price, to convey the lands by warranty deed, "free and clear of all incumbrance." That contract entitled the vendee to the possession of the premises before the payment of the full purchase price, and made time of its essence. The sum of $80 was to be paid on or before the execution of the contract; $780, on June 22, 1902; and $4,140, on March 1, 1903. The first and second payments were made in conformity to the contract; but the plaintiff failed to pay the $4,140 due on March 1, 1903. After that date, defendant took steps to cancel the contract for default in making final payments, by causing a notice of cancellation to be given, requiring final payment to be made September 15, 1903. The abstract of title furnished by defendant showed a mortgage for $600 on the premises, and also a notice of lis pendens, filed January 2, 1903, in an action by Russell Sage, as trustee, the object of which was stated to be to have Russell Sage, as trustee, adjudged and determined to be the owner of said land. On September 10, 1903, plaintiff offered to pay the balance due, conditioned on a good title being given him. Defendant refused to convey, except subject to the mortgage and lis pendens.

Upon the trial, no point was made on the fact of the existence of the mortgage. The testimony shows that the plaintiff conceded that "they could arrange as to the mortgage if the other was fixed up." The

only question is as to the effect of the lis pendens, filed after the execution and delivery of the land contract in question.

1. The common-law rule as to lis pendens was that all persons were bound to take notice, at their peril, of pending suits which affected the title to the property, and the purchasers pendente lite, either with or without notice, took no better title than their grantor should be adjudged to have. The purchaser was thus affected by lis pendens "not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute. * * * The necessities of mankind require that the decision of the court shall be binding, not only on the litigant parties, but also on those who derive title under them by alienation made pending the suit, whether such alienees had or had not notice of the pending proceedings." Bellamy v. Sabine, 1 De Gex & J. 566.

In this country, many authorities hold that the doctrine of lis pendens is not founded on any idea of constructive notice, but upon the public necessity of preserving property which is the subject of litigation to await the result of the pending suit. Greenwood v. Warren, 120 Ala. 71, 23 South. 686; Watson v. Wilson, 32 Ky. 407, 26 Am. Dec. 459; Walden v. Bodley, 50 U. S. 34, 49, 13 L. Ed. 36; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Murray v. Lylburn, 2 Johns. Ch. 441; Haughwout v. Murphy, 22 N. J. Eq. 544; Lamont v. Cheshire, 65 N. Y. 30, 37; but cf. Harrington v. Slade, 22 Barb. 161, 166. By the statutes of some states, the common-law rule is substantially reenacted without any express provisions for recording a notice of lis pendens. In such a state, the lis pendens is not the equivalent of registration within the meaning of the recording acts. Noyes v. Crawford, 118 Iowa, 15, 20, 91 N. W. 799, 96 Am. St. Rep. 363. The hardship of the common-law rule, as in cases of certain equitable liens and secret trust agreements, has led to the adoption of statutes providing for registration of a notice of the lis pendens of such actions. Empire v. Engley, 18 Colo. 388, 391, 33 Pac. 153; West Missabe Land Co. v. Berg, 92 Minn. 2, 99 N. W. 209.

By the statute of this state, provision is made for filing a formal notice in a proper place and for filing new notices upon amended pleadings.

From the time of filing such notice, and from such time only, the pendency of the action shall be notice to purchasers and incumbrancers of the rights and equities of the party filing such notice, to the real property in such notice described. G. S. 1894, § 5866.

Under that statute, such notice must be given to affect subsequent purchasers or incumbrancers; "hence existing rights of the true owner of the property, or of any person having an interest therein, prior to the filing of such notice, cannot be affected thereby." Lovely, J., in West Missabe Land Co. v. Berg, supra. Such constructive notice by record does not affect rights which have accrued prior to the filing of the notice. If, therefore, before the notice is filed, a party to the proceeding have executed a deed to a third person, who has not recorded it, such third person is not hampered by the lis pendens. Bennett v. Hotchkiss, 20 Minn. 148 (165); Johnson v. Robinson, 20 Minn. 153 (170); Windom v. Schuppel, 39 Minn. 35, 38 N. W. 757; Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773, 24 Am. St. Rep. 212; West Missabe Land Co. v. Berg, supra. This accords with the general rule. See cases collected, 21 Am. & Eng. Enc. (2d Ed.) 650.

One question in this case is, then, whether the person holding an executory contract for the sale of land which entitled him to the possession of that land is prejudicially affected by the subsequent filing of a notice of lis pendens. While there is some conflict in authority on this point, the prevailing opinion seems to be that the title of the purchaser is paramount. Noyes v. Crawford, supra; 21 Am. & Eng. Enc. (2d Ed.) 650. And see Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869; Moody v. Davis, 13 S. D. 86, 82 N. W. 410.

On principle, this conclusion follows in jurisdictions where, as in Minnesota, the holder of an unrecorded deed acquires title without reference to a lis pendens subsequently filed; for the vendee under contract becomes the equitable owner of the land and the vendor stands in the relation of an equitable mortgagee. Superior v. Nichols, 81 Wis. 656, 51 N. W. 878. The holder of such contract of sale owed to the adverse litigant no duty of recording his contract. Any other construction than the one here adopted would put a premium upon delay in filing notices of lis pendens and would in effect give a retroactive

construction to a statute which by its terms, and in accordance with its historical development, which has previously been traced, applies to future transactions only. There is no reason for violating the familiar and reasonable canon of construction, which forbids the giving of such retroactive effect to such a statute.

The protection of the vendee in an unrecorded deed, or in such an unrecorded contract of purchase, extends accordingly to all rights of every kind vested prior to the filing of the notice of lis pendens in connection with an action shown to have been actually commenced and to be pending. That protection does not logically apply, however, to conduct subsequent to the filing of that notice. The often debated case of Parks v. Jackson, 11 Wend. 442, 25 Am. Dec. 656, 2 Sugden, Vend. p. 758, note 1, is not inconsistent with the rule as thus limited, for in that case the purchaser had gone into possession of the premises and had made improvements before the commencement of the action. When such vendee comes to pay the actual or equitable mortgage upon the property, after the filing of such notice, he is in law aware of the controversy. He may guard himself against harm by any means permitted by the original or any subsequent agreement of the parties, or provided by law, as by paying the money, at the times and in the sums required by the contract or mortgage into court for the benefit of such prevailing party. His equitable title may thus be completed and freed from all incumbrances, although it may be necessary for him in certain cases to take appropriate proceedings to make this appear of record.

It is optional with the vendee, however, whether he will go to the trouble and expense and submit to the delay involved in so protecting himself. He is not bound to suffer for the misfortune or trouble of his vendor. The agreement in this case contemplated that the title should be submitted for examination in accordance with a perfect abstract to be furnished by the vendor, and that it be marketable at the time specified for closing the transaction. If this vendor was not able to deliver a marketable title—and in fact he was not—the purchaser was entitled to a rescission of the contract and to a return of the purchase money already paid. Accordingly, the ruling of the trial court on this question was correct.

2. The objection is also made in this case that upon trial no evidence was introduced beyond the bare statement in the notice of lis pendens and the abstract of title, to show that the court had jurisdiction either of the person of the defendant, or of the subject-matter of the action, or whether a prima facie cause of action in favor of the plaintiff in that action of Russell Sage was made by the pleadings, or whether in fact there was any issue joined in that action. It is true in fact that the plaintiff introduced no evidence on this point other than as to the fact of filing, and the time of filing of the lis pendens; but the answer admits

> That an action has been commenced and is now pending in this court wherein Russell Sage, as trustee, is plaintiff, and this defendant is defendant, and that a notice of lis pendens was recorded therein, and that the ostensible purpose of the said action is to cancel and set aside the United States patent to the land in controversy.

The reply denies the new matter alleged in the answer,

> Save as the same may be admissions of facts set forth in the complaint.

The complaint alleges the filing of the notice and the pendency of the action, as admitted by the answer.

Accordingly three things appear in this record: (1) That the notice of lis pendens was filed; (2) that the action described in it had been commenced and was pending before the time for completion of the contract; (3) that the complaint in that action attacked the validity of the foundation of the vendor's title. This was sufficient to constitute a prima facie case of an unmarketable title. Joslyn v. Schwend, 85 Minn. 130, 133, 88 N. W. 410, 744; Id., 89 Minn. 71, 93 N. W. 705; H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974; G. S. 1894, §§ 5866, 5143; Simon v. Vanderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683. The burden of proof would then rest upon the vendor to avoid the inference of defect in the title, by showing the title to be marketable. It was held in Aldrich v. Bailey, 132 N. Y. 85, 30 N. E. 264, that an action brought, and lis pendens filed, did not justify the rejection of the title by the vendee, when the complaint failed

to state a cause of action; but it is to be borne in mind that it is not necessary for the vendee of real estate to show that the title offered was absolutely bad.    Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844.    It is sufficient if he shows that it was in fact unmarketable.    Howe v. Coates, supra, page 385.

3.    The contention that the vendee cannot recover his purchase money because he failed to tender the balance of the purchase price, was not pressed by counsel for the vendor, and is without merit.    The vendee offered to pay the balance, and to that end had a bank cashier's check for the proper amount in his hand.    No point was made at the time of the transaction as to failure to produce the medium proper for tender; the matter of disagreement was solely as to the marketability of the title.    Accordingly, even if it be conceded that tender was necessary, the formality and the actual production of money were waived. Hunt, Tender, p. 472, § 421.

Judgment affirmed.