**MILL CITY HEATING & AIR CONDITIONING CO., a Minnesota corporation, Appellant,**

v.

**Robert P. NELSON, Vicky Ann Nelson, Banco Mortgage Company, an Iowa corporation, Trans America Life Insurance and Annuity Company, a California corporation, Bartholomew J. Baker, d/b/a Baker Electric, Zagar Construction Co., Inc., a Minnesota corporation, Respondents,**

**Thompson Lumber Company, a Minnesota corporation, Appellant.**

**No. CX–83–599.**

Supreme Court of Minnesota.

July 13, 1984.

---

Sidney L. Brennan, Jr., Minnetonka, for Mill City.

Patrick J. McLaughlin, Minneapolis, for Thompson Lumber Co.

Michael D. Quayle, Minneapolis, for respondents.

SIMONETT, Justice.

This appeal raises again the issue of who is an "owner" entitled to the prelien notice in our mechanics lien law. In this case involving registered land, we hold that a purchaser not in possession under an unrecorded purchase agreement is not an owner and reverse, but remand on the issue of whether prelien notice should still have been given because the materialmen knew of the unregistered purchaser's interest.

Zagar Construction Co., Inc., was the registered owner of a lot in Beaverwood Addition, Minnetonka. In September 1979, it entered into an agreement with defendant-respondents Robert P. Nelson and Vicky Ann Nelson to construct a house on the lot and sell the premises to the Nelsons. The purchase agreement was not filed for record.

Shortly thereafter Zagar started construction. At the request of Zagar, plaintiff-appellant Mill City Heating & Air Conditioning Co. and defendant-appellant Thompson Lumber Company furnished materials for the house. Thompson Lumber furnished its first items on November 29, 1979; Mill City furnished its first items on January 3, 1980. Neither served a prelien

notice on the Nelsons. Thompson Lumber completed its work in May 1980 and thereafter timely filed its mechanics lien statement for $39,702.26. Mill City completed its work in April 1980 and timely filed its mechanics lien statement for $7,077.

During the construction period, Zagar closed its sale agreement with Mr. and Mrs. Nelson. On February 22, 1980, the Nelsons registered their warranty deed from Zagar. Also registered was Nelsons' mortgage to defendant-respondent Banco Mortgage Company. Consequently, when the materialmen filed their mechanics liens in May and June, the Nelsons appeared as registered owners of the property and the lien claimants so indicated in their lien statements.

In October 1980, plaintiff-appellant Mill City commenced this action to foreclose its mechanics lien. Thompson Lumber, made a party defendant to the action, also sought foreclosure of its lien. Defendants Nelson, Banco Mortgage Company, and Trans America Life Insurance and Annuity Company (assignee of the mortgage) moved for summary judgment on the grounds that the mechanics liens were invalid for failure of the materialmen to have served prelien notices on the Nelsons. The trial court, "with reservations," granted summary judgment, believing the rationale of *Dolder v. Griffin*, 323 N.W.2d 773 (Minn.1982), was controlling. The two materialmen appeal.

A subcontractor, such as Mill City or Thompson Lumber Company here, must "cause to be given to the owner or his authorized agent" a prelien notice within 45 days after the subcontractor has first furnished materials. Minn.Stat. § 514.011, subd. 2 (1982).[1] The prelien notice is "a necessary prerequisite to the validity of any claim or lien." *Id.* The notice advises the owner of the materialman's identity

and that the materialman may file a lien if not paid by the contractor.

The issue, then, is whether a purchaser under an unrecorded purchase agreement for registered land is an "owner" within the terms of Minn.Stat. § 514.011 (1982), the prelien notice statute, and thereby entitled to a prelien notice.

In *Dolder*, we held that purchasers under an unrecorded purchase agreement for unregistered land were "owners" and were entitled to a prelien notice. We are now told in this appeal that the real estate in *Dolder* was, in fact, registered land. Even so, this fact was not presented to us in *Dolder* and, therefore, *Dolder* did not decide the issue before us now.

■ Registered land stands on a different footing than unregistered land.

The purpose of the Torrens law is to establish an indefeasible title free from any and all rights or claims not registered with the registrar of titles, with certain unimportant exceptions, to the end that anyone may deal with such property with the assurance that the only rights or claims of which he need take notice are those so registered.

*In re Juran*, 178 Minn. 55, 58, 226 N.W. 201, 202 (1929). To carry out this purpose the Torrens law provides:

No voluntary instrument of conveyance purporting to convey or affect registered land, except a will, and a lease for a term not exceeding three years, shall take effect as a conveyance, or bind or affect the land, but shall operate only as a contract between the parties, and as authority to the registrar to make registration. The act of registration shall be the operative act to convey or affect the land.

Minn.Stat. § 508.47, subd. 1 (1982).

■ In other words, it is expected that anyone dealing with registered land need

---

1. In *C.W. Stark Lumber Co. v. Sether*, 257 N.W.2d 556 (Minn.1977), we held that a materialman who furnishes material for a home at the request of the owner-general contractor-vendor, is a "subcontractor" for purposes of subdivision 2 of the prelien notice statute, Minn.Stat, § 514.011. While the materialman would not

have to give a prelien notice to the owner-general contractor with whom he was directly contracting, we held in *Sether* that the materialman did have to give the prelien notice to the vendee-purchaser who was also an "owner" under the prelien notice statute.

look no further than the certificate of title for any transactions that might affect the land. The certificate of title describes all ownership interests, but with seven specific exceptions: liens under federal law; tax liens and assessments; short term leases; public highways; pending Torrens appeals; rights of any person in possession under a deed or contract for deed from the owner of the title certificate; and certain liens or judgments for nonpayment of taxes. *See* Minn.Stat. § 508.25 (1982).

■ If we were to hold that the Nelsons were "owners" entitled to a prelien notice, we would have to create an eighth exception from the certificate of title, namely, the rights of a purchaser not in possession, under a purchase agreement. We would have to ignore the statutory mandate that an unregistered purchase agreement does not "bind or affect" the land. This would create other problems and weaken the purpose of the Torrens system. We hold, therefore, that a purchaser of registered land under an unrecorded purchase agreement who is not in possession is not an "owner" for the purposes of the prelien notice under the mechanics lien statute.

We find further support for our holding in the subsequent legislative history of the prelien notice statute. At the times here involved, the prelien notice statute defined owner as "the owner of any legal or equitable interest in real property who enters into a contract for the improvement of the real property." Minn.Stat. § 514.011, subd. 5 (1980). In 1982, subdivision 5 was amended to read:

> For the purposes of this section, "owner" means the owner of any legal or equitable interest in real property whose interest in the property (1) is known to one who contributes to the improvement of the real property, or (2) has been recorded or filed for record if registered land, and who enters into a contract for the improvement of the real property.

Clause 2 of the amendment recognizes that the owner of registered land is not an "owner" for prelien notice purposes until that ownership interest has been recorded.

This clause, we think, merely confirms and clarifies what has always been the Torrens law.

■ We see no reason, however, when a subcontractor-materialman knows that a person has a purchaser's interest in registered land, that the subcontractor should not be required to give that person a prelien notice. In such an instance, it would be unfair and unreasonable for the law to allow the subcontractor to wear blinders and look only to the certificate of title. Here we believe the important purpose of the prelien notice—to protect the owner from hidden liens—deserves recognition and may be enforced without doing violence to Torrens law. This is in keeping with the definition of owner in clause 1 of the 1982 prelien notice amendment. We hold, therefore, that if the subcontractor-materialman knows of the ownership interest of a purchaser of registered land under an unrecorded purchase agreement, even though the purchaser is not in possession, the purchaser qualifies as an "owner" to whom the subcontractor-materialman must give a prelien notice.

The Nelsons claim that appellants knew of their ownership interest. They say Zagar, the general contractor, had erected a sign on the premises stating that the home was being built for Mr. and Mrs. Nelson. There is some indication that the Nelsons had spoken with Mill City representatives. We remand for trial on the issue of whether appellants knew of the Nelsons' ownership interest.

Reversed and remanded.