**Michael CHANEY (d/b/a/ The Chaney Group) et al., Appellants,**

v.

**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY et al., Respondents,**

and

**Gesco, Inc., Respondent/Intervenor.**

Nos. C3–01–1349, C1–01–1401.

Court of Appeals of Minnesota.

March 26, 2002.

Review Denied May 28, 2002.

329

**330** 

Alan W. Weinblatt, Donna M. Kasbohm, St. Paul, for appellants.

Fred Burstein, William J. Maddix, Minneapolis, for respondents MCDA and the City of Minneapolis.

David Gronbeck, Minneapolis, for respondent/intervenor Gesco, Inc.

Considered and decided by HARTEN, Presiding Judge, ANDERSON, Judge, and STONEBURNER, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Respondents, the City of Minneapolis and the Minneapolis Community Development Agency et al. (MCDA), published a request for proposals (RFP) inviting bids to rehabilitate certain property located in Minneapolis. Appellants, Michael and Robert Chaney, submitted a bid. Respondents did not sell the property to appellants but sold it to intervenor, Gesco, Inc.[1] On the same day respondents conveyed the property to intervenor, appellants brought suit claiming, inter alia, racial discrimination and breach of contract. Appellants filed and recorded a notice of lis pendens before intervenor recorded the deed from respondents. The district court then entered two orders dealing with the notice of lis pendens. The first order directed appellants to discharge the notice of lis pendens. Because appellants did not discharge the notice of lis pendens, the district court later issued a second order that did so. Appeals from both orders were consolidated by an order of this court. Because we find that this court cannot grant any effectual relief to appellants, we dismiss this consolidated appeal as moot.

## FACTS

On June 28, 1999, MCDA published an RFP, which sought developers to purchase and rehabilitate the property at 1835–37 Park Avenue (the property). Of the four proposals submitted by the September 2, 1999 deadline, as counsel for appellants observed, appellants filed the only complete application.

An October 4, 1999 letter from the MCDA staff to the MCDA operating committee recommended that the property be sold to appellants. The MCDA Board of Commissioners (board) ignored the recommendation and instead approved the sale to Mark Orfield, another developer. It is undisputed that as of September 2, 1999, Orfield's application did not satisfy all of the RFP's requirements. The board's decision was controversial.

On November 12, 1999, the board referred the matter back to the operating committee. Intervenor submitted an unsolicited proposal, and, on April 24, 2000, the executive director of the MCDA recommended selling the property to intervenor. The board approved the sale and conveyed the property to intervenor by way of a quitclaim deed on June 22, 2000.

On the same day, appellants served a summons and complaint on respondents. On July 14, 2000, appellants recorded a notice of lis pendens in the chain of title of the property. The quitclaim deed from respondents to intervenor was recorded on August 2, 2000.

---

1. For the sake of clarity, we refer to Gesco, Inc. as intervenor, while recognizing that it is a respondent in the instant case.

On March 6, 2001, respondents filed a motion seeking summary judgment on all of appellants' causes-of-action as well as discharge of the notice of lis pendens. The district court only granted summary judgment on the breach-of-contract claim and did not discharge the notice of lis pendens.

On July 11, 2001, respondents again requested that the notice of lis pendens be discharged. The parties also reached an agreement allowing intervention, and the district court approved the addition of intervenor to the litigation.

On July 25, 2001, arguments were heard regarding the notice of lis pendens. Respondents requested that appellants post a surety bond, a request based on Minn.Stat. § 469.044 (2000).[2] The same day, the district court issued an order that required appellants to discharge the notice of lis pendens, and also denied respondents' request for a surety bond.

Appellants did not comply with the July 25, 2001 order. Another hearing was held on August 2, 2001; respondents and intervenor requested the district court set and require a supersedeas bond if appellants sought a stay of the discharge of the notice of lis pendens pending appeal. Because counsel for appellants acknowledged that appellants were financially unable to post a $500,000 bond, the district court concluded the issue of the supersedeas bond was moot. Therefore, the district court discharged the notice of lis pendens. This appeal followed.

## ISSUES

I. Is this appeal moot?

II. Is intervenor a bona fide purchaser?

## ANALYSIS

■ This court has appellate jurisdiction to review an order discharging a no-

tice of lis pendens. *Nelson v. Nelson,* 415 N.W.2d 694, 696–97 (Minn.App.1987).

### I.

■ Respondents contend this appeal was rendered moot by appellants' failure to file a supersedeas bond, which resulted in the discharge of the notice of lis pendens. This court has held that

[a] supersedeas bond is not required to perfect an appeal. The trial courts may not compel a party "to file a supersedeas bond as a condition to his right to an appellate review of the merits of the court's decision."

*All Lease Co. v. Peters,* 424 N.W.2d 320, 321 (Minn.App.1988) (quoting *Tourville v. Tourville,* 289 Minn. 544, 545, 185 N.W.2d 281, 282 (1971)). A supersedeas bond is simply a prerequisite for a stay while an appeal is heard. Therefore, the failure to post a supersedeas bond, in and of itself, does not render this appeal moot. *See* Minn. R. Civ.App. P. 108.01, 1998 cmt. (stating "[t]he posting of a supersedeas bond or a request for stay on other grounds is not required for an appeal to be perfected or proceed. However, because the order or judgment that is the subject of the appeal is not generally stayed automatically, a matter may, in some circumstances, become moot while the appeal is pending.")

■ The doctrine of mootness dictates that an appellate "court will hear only live controversies and will not pass on the merits of a particular question merely for the purpose of setting precedent." *In re Inspection of Minn. Auto. Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984). Mootness can be described as

**2.** Minn.Stat. § 469.044 allows a public corporation, such as MCDA, to ask for a surety bond when it is involved in litigation that may be injurious to the public interest.

the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 709, 145 L.Ed.2d 610 (2000) (quotations omitted). If an appellate "court is unable to grant effectual relief," the issue will be deemed moot. *In re Schmidt*, 443 N.W.2d 824, 826 (Minn. 1989).

As this court has observed, "we would deem the appeal [of a discharged notice of lis pendens] moot if [respondents] had transferred the property to a bona fide purchaser." *Marque Plumbing, Inc. v. Barris*, 380 N.W.2d 174, 176 (Minn.App. 1986), *review denied* (Minn. Mar. 24, 1986). Therefore, if this court concludes that intervenor was a bona fide purchaser, this appeal is moot.

## II.

 Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). Here, two statutes are at issue: Minn.Stat. § 557.02 (2000) (providing for notice of lis pendens) and Minn.Stat. § 507.34 (2000) (Minnesota's race-notice recording statute).

 Minn.Stat. § 507.34 protects bona fide purchasers against unrecorded property interests in the form of a race-notice recording statute. *See Minn. Cent. R.R. Co. v. MCI Telecomms. Corp.*, 595 N.W.2d

533, 537 (Minn.App.1999) (recognizing that Minnesota is a race-notice state), *review denied* (Minn. Sept. 14, 1999). The recording statute "does not protect a purchaser who has actual or constructive notice of outstanding rights in another, as the purchaser is then not a bona fide purchaser." *In re Inv. Sales Diversified*, 38 B.R. 446, 453 (Bankr.D.Minn.1984) (citing *Anderson v. Graham Inv. Co.*, 263 N.W.2d 382 (Minn.1978)).

### A. Actual or Implied Notice

 The district court found that "[i]ntervenor was unaware that the [notice of] Lis Pendens had been filed * * * until sometime in January of 2001." Findings of fact shall not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. If there is reasonable evidence to support the district court's findings of fact, we will not disturb those findings. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999) (citation omitted).

The record supports the finding that intervenor did not have actual or implied[3] knowledge of the notice of lis pendens; intervenor's president testified that he had no knowledge of the notice of lis pendens until January 2001. We defer to a district court's determination of credibility. *See Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn.App.2000) (holding appellate courts defer to district court's credibility determinations). Here, the district court's determination that there was no actual or implied notice was based on testimony presented at the hearing and was not clearly erroneous.

---

3. Appellants' argument that intervenor was on implied notice because it purchased the property from respondents is also without merit.

> Where we have found implied notice, it has been based upon *actual knowledge* of facts which would put one on further inquiry,

not upon imputed record notice of such facts.

*Anderson*, 263 N.W.2d at 384–85 (citations omitted). Consequently, imputing respondents' knowledge to intervenor, without more, would be improper.

## B. Constructive Notice

Since actual or implied notice is not present, intervenor is not bound by the notice of lis pendens absent constructive notice of the action. *See Roberts v. Friedell*, 218 Minn. 88, 94–95, 15 N.W.2d 496, 499–500 (1944).

■ "Pursuant to Minn.Stat. § 507.32 [(2000)], a purchaser is charged as a matter of law with constructive notice of any properly recorded instrument." *Howard, McRoberts & Murray v. Starry*, 382 N.W.2d 293, 296 (Minn.App.1986). The supreme court has defined constructive notice as

> a creature of statute and, as a matter of law, imputes notice to all purchasers of any properly recorded instrument even though the purchaser has no actual notice of the record.

*Miller v. Hennen*, 438 N.W.2d 366, 369–70 (Minn.1989) (quotation omitted); *see also Latourell v. Hobart*, 135 Minn. 109, 113–14, 160 N.W. 259, 260–61 (1916).

■ The right to file a notice of lis pendens is a statutory right granted by Minn.Stat. § 557.02.

> [T]he sole function of the lis pendens is to give *constructive notice* to all the world of the pendency of the action, which is, alone, notice to all persons of the rights and equities of the party filing the lis pendens in the land therein described.

*Trask v. Bodson*, 141 Minn. 114, 117, 169 N.W. 489, 490 (1918) (emphasis added) (citing *Joslyn v. Schwend*, 89 Minn. 71, 74, 93 N.W. 705, 706 (1903)).

■ Respondents conveyed the property to intervenor prior to the filing of the notice of lis pendens. A purchaser's title to property pursuant to a conveyance made prior to the recording of a notice of lis pendens, but not recorded until after the notice of lis pendens is filed, is unaffected by the notice of lis pendens where the purchaser does not have constructive notice of the notice of lis pendens at the time the purchaser acquired an interest in the property. *See Roberts*, 218 Minn. at 94, 15 N.W.2d at 499 (stating that "the doctrine of *lis pendens* applies only when a third person attempts to intrude into a controversy by acquiring an interest in the matter in litigation pending the suit" and "neither the rule nor the reason for it applies where a person takes by conveyance prior to the commencement of the suit, without actual notice" (citation omitted)); *Moulton v. Kolodzik*, 97 Minn. 423, 426, 107 N.W. 154, 155 (1906) ("If, * * * before the notice is filed, a party to the proceeding [has] executed a deed to a third person, who has not recorded it, such third person is not hampered by the lis pendens." (citations omitted)); *Johnson v. Robinson*, 20 Minn. 170, 171, 20 Gil. 153, 154–55 (1873) (holding that purchaser not bound by notice of lis pendens when conveyance was completed before notice was filed, but deed was not recorded until after notice was filed).[4]

Appellants claim that two decisions support their argument that intervenor had constructive notice of the notice of lis pendens. *See generally Marr v. Bradley*, 239 Minn. 503, 59 N.W.2d 331 (1953); *Fingerhut Corp. v. Suburban Nat'l Bank*, 460 N.W.2d 63 (Minn.App.1990). But both

---

4. Other jurisdictions seem to be split regarding this rule. *Compare Dime Sav. Bank of New York, FSB v. Sandy Springs Assocs.*, 261 Ga. 485, 405 S.E.2d 491, 493 (1991) (holding that earlier, unrecorded conveyance not affected by later-filed notice of lis pendens) *with W & O Constr. Co. v. IVS Corp.*, 688 S.W.2d 67, 71 (Tenn.App.1984) (holding that creditor who records lis pendens had priority over bona fide conveyee whose deed was not recorded until after the notice of lis pendens was recorded).

*Marr* and *Fingerhut* are distinguishable from the present controversy.

### 1. *Marr v. Bradley*

In *Marr*, Agnes Sheff agreed to sell her property to Marr. *Marr*, 239 Minn. at 504, 59 N.W.2d at 332. Later, her husband, Frank Sheff, who was not a record owner of the property, agreed to sell the same property to the Bradleys. *Id.* at 505, 59 N.W.2d at 332. The Sheffs refused to consummate the deal with Marr. *Id.* Marr sought specific performance, and recorded a notice of lis pendens on April 19, 1945. *Id.* The Sheffs then provided the Bradleys with an abstract that was continued to April 16, 1945, and did not disclose Marr's recorded notice of lis pendens. *Id.* On May 14, 1945, "without having the abstract further continued to date," the Bradleys paid the Sheffs for the property and received a warranty deed. *Id.*

The supreme court held that the determination of whether the Bradleys had constructive notice of Marr's notice of lis pendens depended on the validity of the Bradleys' original agreement with Frank Sheff. *Id.* at 506–07, 59 N.W.2d at 333.[5] The court held that the agreement between Frank Sheff and the Bradleys was void and gave the Bradleys no rights to the property; therefore, the Bradleys did not have an interest in the property until May 14, 1945, when they received a deed signed by both Agnes and Frank Sheff. *Id.* at 509, 59 N.W.2d at 334. The court concluded that because Marr's notice of lis pendens was duly recorded when the Bradleys first obtained an interest in the land on May 14, 1945, the Bradleys had received constructive notice of the Marr–Sheff litigation and their interests were subsidiary to the results of that litigation. *Id.* at 510–11, 59 N.W.2d at 335.

*Marr* is dissimilar to the instant case because here intervenor acquired an interest in the property *prior* to the recording of appellants' notice of lis pendens. Unlike the void agreement in *Marr*, there is no claim here that the quitclaim deed is void. Furthermore, the notice of lis pendens had not been filed when respondents conveyed their interest in the property to intervenor. Therefore, *Marr* is not dispositive in this case.

### 2. *Fingerhut Corp. v. Suburban Nat'l Bank*

At oral argument, appellants claimed that *Fingerhut* overrules *Moulton*, 97 Minn. at 423, 107 N.W. at 154, sub silento. We do not agree.

*Moulton* held that a notice of lis pendens is not binding on a purchaser who receives a deed to property before a notice of lis pendens is recorded on that property, even though the purchaser does not record the deed until after the notice of lis pendens has been recorded. *Id.* *Fingerhut* is distinguishable on its facts from this case and from *Moulton*. In *Fingerhut*, a former Fingerhut employee, Connelly, defrauded the company of a large amount of money and used the money to purchase property. *Fingerhut*, 460 N.W.2d at 64. Connelly mortgaged the property to Suburban on August 25, 1986. *Id.* at 65. On August 28, 1986, Fingerhut filed suit against Connelly and, the next day, filed and registered a notice of lis pendens against the property. *Id.* Suburban did not register its mortgage until September 2, 1986. The *Fingerhut* court concluded that Suburban was bound by Fingerhut's notice of lis pendens because Suburban registered its mortgage after Fingerhut's notice of lis pendens was registered, even

---

**5.** The court found that although Frank Sheff signed the Bradleys' purchase agreement, only Agnes Sheff's name appeared in the chain of title. *Id.* at 507, 59 N.W.2d at 333.

though Suburban received the mortgage prior to the notice of lis pendens' registration. *Id.* at 65–66.

But *Fingerhut* differs from the present controversy in a key respect: the property was registered, or Torrens, property. The *Fingerhut* court recognized that "[t]he necessity of registration to create an interest *in the land* is what distinguishes registered, or Torrens, property from abstract property." *Id.* (citing *Mill City Heating & Air Conditioning Co. v. Nelson,* 351 N.W.2d 362, 364 (Minn.1984)). Registration was necessary for Suburban to obtain an interest in the land. *See* Minn.Stat. § 508.47, subd. 1 (2000) (stating that registration of interest is operative act). Such is not the case either in this case or in *Moulton.* Delivery of the deed here, as in *Moulton,* gave the intervenor an interest in the property. Because intervenor gained an interest in the property before appellants recorded their notice of lis pendens, *Fingerhut* is inapposite and neither controls our decision here, nor overrules *Moulton.*

Therefore, because intervenor did not have actual, implied, or constructive notice of the recording of the notice of lis pendens, intervenor is a bona fide purchaser. Consequently, intervenor is not bound by any judgment resulting from the action between respondents and appellants. *See Johnson,* 20 Minn. at 171, 20 Gil. at 155.

Because intervenor is a bona fide purchaser, this appeal is rendered moot. We cannot grant effectual relief to appellants because the property they seek is owned by others unaffected by these proceedings. Therefore, we need not address whether the district court erred in discharging the notice of lis pendens.[6]

**DECISION**

Appellants seek to reinstate a notice of lis pendens discharged by the district court. Because title to the property at issue is now owned by a bona fide purchaser, who acquired the property prior to the filing of appellants' disputed notice of lis pendens, this court is unable to grant effectual relief to appellants and this appeal is moot and is therefore dismissed.

Appeal dismissed.

6. The general rule is that an appeal continues a notice of lis pendens until final judgment is entered on appeal. *See Aldrich v. Chase,* 70 Minn. 243, 246, 73 N.W. 161, 162 (1897); *see also Joslyn,* 89 Minn. at 74–75, 93 N.W. at 706.