EUGENE L. TRASK v. GERTRUDE BODSON AND OTHERS.[1]

November 22, 1918.

No. 20,983.

**Process — published summons and lis pendens — constructive notice to defendant.**

In an action against C. H. McCutchen to quiet title to vacant and unoccupied real property the record title of which was in Charles H. McCutchen, the property having been assessed and taxed under the name "C. H. McCutchen" by which the record owner was known in connection therewith, service of the summons by publication, together with a notice of lis pendens containing a full description of the land, constitutes constructive notice to the owner of the record title.

[1]Reported in 169 N. W. 489.

Action in the district court for Morrison county against Gertrude Bodson, George H. Niles, Bowler Securities Company, and also all other persons and parties unknown claiming any right, title, estate, interest or lien in the real estate described in the complaint, to quiet title to certain vacant and unoccupied land. The facts are stated in the opinion. The case was tried before Parsons, J., who made findings and as conclusion of law dismissed the action. From an order denying his motion to amend the findings of fact and conclusion of law, or for a new trial, plaintiff appealed. Affirmed.

*C. E. Purdy,* for appellant.

*B. H. Bowler,* for respondent.

QUINN, J.

This is an action to quiet title to a certain tract of vacant and unoccupied land situated in Morrison county. On and prior to December 29, 1907, the record title thereof was in the name of Charles H. McCutchen. It had been assessed and taxed under the name of C. H. McCutchen. On June 4, 1907, George H. Niles, holding a tax certificate thereon, filed a notice of lis pendens and commenced an action to quiet title thereto in himself, and on December 10, 1907, judgment was so entered. Subsequently Niles quitclaimed his interest in the land to the Bowler Securities Company, which held a tax certificate thereon, dated May 11, 1903, and on February 8, 1913, that company filed a notice of lis pendens and commenced an action to quiet title thereof in itself, and judgment was so entered on May 20, 1913. Both certificates recited the name of the person to whom the property was assessed as "C. H. McCutchen." Both actions were brought against C. H. McCutchen and certain other named persons, and also certain unknown heirs, pursuant to the provisions of sections 4388, 4389, R. L. 1905. Each summons was placed in the hands of the sheriff of Morrison county for service, who returned the named defendants not found. Pursuant to orders of the court, the summons and notices of lis pendens were thereupon served by publication, and in due time judgment was entered upon default in each of said actions. No steps were ever taken to have either of said judgments vacated or set aside.

December 14, 1912, Charles H. McCutchen executed to the plaintiff a quitclaim deed to the land in question, which was filed for record in Morrison county, December 29, 1913. In the present action the defendant Bodson answered, claiming title to the land under the judgments above referred to and a deed of conveyance from the Bowler Company. The other defendants disclaimed. The trial court found that the defendant Bodson was the owner of the land; that the said judgments extinguished all of Charles H. McCutchen's interest therein; that the plaintiff was entitled to no relief, and ordered judgment accordingly. From an order refusing to amend the findings, and denying his motion for a new trial, plaintiff appealed.

The plaintiff assails the two judgments first above referred to upon the sole ground that the defendant sued therein was C. H. McCutchen instead of Charles H. McCutchen. As stated, the trial court held that such judgments extinguished all of Charles H. McCutchen's right in the land. The correctness of this holding was the only question urged upon the motion for a new trial in the court below, and is the only one presented here.

We have, then, a case where the record title to real property was in Charles H. McCutchen. An action was brought against C. H. McCutchen to quiet title thereto. The summons was served by publication and judgment entered upon default. Did the judgment so rendered divest the record owner of his interest in the land?

Section 4389 of the statute provides that in all actions in which the title to, or any interest in or lien upon, real property is involved or affected, any party thereto may file for record with the register of deeds of the county in which the premises lie a notice of the pendency of the action containing the names of the parties, the object of the action and a description of the real property involved, and that, from the time of the filing of such notice, the pendency of the action shall be notice to purchasers and encumbrancers of the rights and equities of the party filing the same to the premises, and section 4388 provides that, in any action relating to real property, when the heirs of a deceased person are proper parties defendant and their names are unknown, upon the filing of an affidavit of the plaintiff, or his agent or attorney, showing to the satisfaction of the court that the heirs of such deceased person are prop-

er parties to such action, and that their names and residences cannot with reasonable diligence be ascertained, the court may make an order that service of the summons be made on such unknown heirs by publication thereof in the same manner as against nonresident defendants. The plaintiff shall before the commencement of the action file with the register of deeds a notice of the pendency of the action, a copy of which shall be published in the same newspaper with, and immediately following, the summons.

No question is raised but that the provisions of the statute relating to service of summons by publication, and to the notice of lis pendens, were in all respects complied with. As said in Joslyn v. Schwend, 89 Minn. 71, 74, 93 N. W. 705, the sole function of the lis pendens is to give constructive notice to all the world of the pendency of the action, which is, alone, notice to all persons of the rights and equities of the party filing the lis pendens in the land therein described.

We are of the opinion that the service by publication under consideration, as against Charles H. McCutchen, was sufficient. The object of the publication of summons is to give notice to the defendant of a suit pending, and of its purpose. It must be evident to any person, that a published notice, using the name by which the defendant is commonly known in the community, will as readily attract his attention as though his real name were used, and particularly where the initials are the same.

The identity of the record owner of the land with the defendant C. H. McCutchen seems to be clear. The initials are the same. The land was assessed and taxed for many years under the name C. H. McCutchen, the delinquent tax list published and tax certificates issued thereunder. In the face of these facts it can hardly be said that the record owner was not known, in the vicinity where the land is situated, by his initials.

The plaintiff's deed was recorded after the entry of judgment quieting title in the Bowler Company. The notice of lis pendens had been of record for more than 10 months and was full notice that the land was in litigation in a suit to quiet title against C. H. McCutchen. Had the record been examined it would have appeared that the suit was against a man whose initials were the same as those of the man in whom the record title stood, and upon slight investigation it would have been found

that the person named in the notice was the person to whom the land had been assessed and taxed and in whose name the delinquent tax lists were published and tax certificates issued. We are aware that reputable authorities hold that, in substituted service by publication, the name of the defendant must contain the full Christian name. We believe, however, that under modern conditions the better rule is as expressed in the case of Ferguson v. Smith, 10 Kan. 396, in which it was said:

"Said papers do not give the full Christian names of all the parties, but give the initial letters thereof only. This we think is sufficient. The reason upon which a different rule was once founded in England has never existed in this state. And, when the reason for the rule has ceased, the rule itself should cease. * * * The full Christian name is now seldom written anywhere. Search the records of our courts, our statutes, the lists of members of the legislature, election returns, written contracts, and other written instruments, newspapers, etc., and everywhere it will be found that as a rule the initials only of the Christian name are used. * * * In consideration of the almost universal custom of using the initial letters only of the Christian name, it is our opinion that no written instrument can at the present time be regarded as a nullity simply because the Christian name of some person mentioned therein has not been written in full."

See also Webster v. Heginbotham, 23 Colo. App. 229, 129 Pac. 569.

We therefore hold that in an action to quiet title to real property publication of the summons, in connection with a notice of lis pendens containing a full description of the property, as in this case, together with the name of the owner of the record title as he was commonly known in connection with the land, that is, by the initials of his Christian name and his true surname, as defendant, is sufficient service and constitutes constructive notice.

Affirmed.