*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1406**

John Aydt, et al.,
Appellants,

vs.

Steven A. Hensel, et al.,
Respondents,

City of St. Michael,
Respondent.

**Filed March 21, 2016
Affirmed
Kalitowski, Judge\***

Wright County District Court
File No. 86-CV-15-2072

John T. Peterson, Johnson, Larson & Peterson, P.A., Buffalo, Minnesota (for appellants)

Sylvia Ivey Zinn, John Patrick Brendel, Brendel and Zinn, Ltd., Lake Elmo, Minnesota (for respondents Steven A. Hensel, et al.)

David J. Lenhardt, Gries & Lenhardt, P.L.L.P., St. Michael, Minnesota (for respondent City of St. Michael)

Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Kalitowski, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KALITOWSKI**, Judge

Appellants John and Sheila Aydt argue the district court erred by granting respondents Steven and Lois Hensel's motion to discharge a lis pendens recorded by the Aydts. We affirm.

## DECISION

Absent disputed facts, this court reviews the basis for discharging a notice of lis pendens de novo. *Nelson v. Nelson*, 415 N.W.2d 694, 697 (Minn. App. 1987). "[T]he sole function of [a] lis pendens is to give constructive notice to all the world of the pendency of [an] action, which is, alone, notice to all persons of the rights and equities of the party filing the lis pendens in the land therein described." *Trask v. Bodson*, 141 Minn. 114, 117, 169 N.W. 489, 490 (1918). Minn. Stat. § 557.02 (2014) governs when a notice of lis pendens may be recorded. It states:

> In all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party, any party thereto, at the time of filing the complaint, or at any time thereafter during the pendency of such action, may file for record with the county recorder of each county in which any part of the premises lies a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in such county involved, affected or brought in question thereby.

Minn. Stat. § 557.02. Under the statute, "a notice of lis pendens may be properly filed only if plaintiff pleads a cause of action which involves or affects the title to, or any

interest in or a lien upon, specifically described real property." *Rehnberg v. Minn. Homes, Inc.*, 236 Minn. 230, 233-34, 52 N.W.2d 454, 456 (1952).

Here, the Aydts alleged causes of action against the Hensels and respondent City of St. Michael. They alleged that the Hensels committed a trespass and a nuisance by building a shed too close to the property line that the two parties share. They alleged that the City of St. Michael violated the Aydts' procedural and substantive due-process rights as well as denied them equal protection by granting the Hensels a setback variance that allowed them to build the shed 0.8 feet from their property line. In their prayer for relief, the Aydts requested (1) declaratory judgment that the city's variance from November 7, 2012 is void; (2) a writ of mandamus compelling the city to vacate the variance; (3) declaratory judgment that the city acted unconstitutionally and unlawfully when it granted the variance; (4) monetary damages along with costs, disbursements, and attorney fees; and (5) issuance of an order to the Hensels to abate the nuisance.

After the Aydts filed their summons and complaint, they recorded a notice of lis pendens on the Hensels' property. The Hensels responded with a motion to the district court to discharge or remove the notice of lis pendens on the ground that the Aydts' complaint does not support the recording of the notice. The district court agreed and granted the Hensels' motion.

On appeal, the Aydts concede that their claims of trespass and nuisance have not been recognized as supporting the recording of a notice of lis pendens. But they claim that they have a sufficient property interest based on their allegation that pursuant to the city's unlawful approval of the variance, the Hensels' shed violates the side-yard setback

3

ordinance.  The Aydts contend that the shed "robs [them] as adjacent property owners of the beneficial use and enjoyment of their property."

But the Aydts' argument is contrary to Minnesota Supreme Court precedent. According to the supreme court:

> No one acquires any right of passage or other use to the exclusion of the owner over that part of the lot upon which buildings or structures are forbidden [by an ordinance establishing setback lines].  The effect of setback lines and open yards and spaces in zoning ordinances is merely to regulate the use of property.  It gives *no* beneficial use to another, except as light and air may rest undisturbed in the space where structures are prohibited.  This restriction of use is based upon the exercise of the police power for the general welfare, and is not based on contract rights or the exercise of the power of eminent domain.

*McCavic v. DeLuca*, 233 Minn. 372, 378, 46 N.W.2d 873, 876 (1951) (emphasis added) (quotation omitted).  The Aydts acknowledge "that Minnesota law has recognized that zoning ordinances do not create a property right in adjacent landowners" but seek to distinguish this case on the facts.

They argue this case is different than *McCavic* because the Hensels' shed was 0.8 feet away from the neighboring property line as opposed to 8 feet like the property in *McCavic*.  *Id.* at 374, 46 N.W.2d at 874.  But the rule in *McCavic* does not differentiate between properties that slightly encroach the setback line and those that encroach a great deal.  *Id.*  Moreover, we see no basis to rely on somewhat different facts to ignore the supreme court's bright-line rule.  Nor are we convinced that it would be consistent with the language of Minn. Stat. § 557.02.  Thus, we conclude that the alleged violation of the

4

setback ordinance and the action against the city does not support the recording of a notice of lis pendens.

Although the Aydts concede that their trespass claim alone does not support granting a notice of lis pendens, they argue that the water runoff from the shed is a continuing trespass and that it would be impossible for the Hensels to conduct any maintenance on the shed without trespassing. But the proper remedy for a continuing trespass to land is the reasonable rental value of that land during the period of trespass. *In re Minnwest Bank Litig. Concerning Real Prop. v. RTB, LLC*, 873 N.W.2d 135, 147 (Minn. App. 2015). And the proper remedy for a single trespass is monetary "compensation for all damages to the property resulting from the trespass." *Ziebarth v. Nye*, 42 Minn. 541, 544, 44 N.W. 1027, 1028 (1890). The payment of reasonable rental value, or monetary damages of any type, does not affect or involve title to or any interest in or lien upon real property under Minn. Stat. § 557.02.

We conclude that the district court did not err by granting the Hensels' motion to discharge or remove the notice of lis pendens because none of the Aydts' claims involve, affect, or bring into question "title to, or any interest in or lien upon, real property[.]" Minn. Stat. § 557.02.

**Affirmed.**